HARRY J. GIBBONS, plaintiff-appellee, v. CITY OF SIOUX CITY et al.,
defendants-appellees; LARRY ERICKSON,
intervenor-appellant.

No. 47769.

(Reported in 45 N.W.2d 842)

FEBRUARY 6, 1951.

Edward L. McCarthy, of Sioux City, for intervenor-appellant.

Free, Berry & Free, of Sioux City, for plaintiff-appellee.

Maurice R. Rawlings, corporation counsel, and George F. Davis, city solicitor, both of Sioux City, for defendants-appellees.

HAYS, J.—Both appellant and appellee (reference to appellee is to Harry J. Gibbons unless otherwise stated) are members of the Sioux City Police Department. Appellee became a member in 1934. In 1943 he was certified by the civil service commission as eligible for promotion to lieutenant and to chief

of detectives, and was thereafter appointed a lieutenant. He entered the military service in 1944, was honorably discharged in August 1945 and returned to his position as a lieutenant of detectives. He was in the service at the time promotional examinations were given in 1945 and did not take them. May 31, 1946, chief of detectives, Thomas F. Farley, was appointed chief of police and on the same date appellee was promoted to chief of detectives by the superintendent of public safety. This appointment was confirmed by the city council by resolution No. Q-19559, the appointment effective June 1, 1946. Appellee did not take the promotional examinations given.in 1947. Appellant took them and was certified as eligible for promotion to chief of detectives. April 8, 1948, Farley was relieved as chief of police and returned to his old place as chief of detectives. On the same date appellee received a letter from the superintendent of public safety which stated, in part, as follows: "This is to inform you that due to the return of Thomas F. Farley as Chief of Detectives you will revert to your former position as Lieutenant of Detectives." The civil service commission was advised of the return of Farley. In May 1948, due to illness of Farley, appellee became acting chief of detectives and so continued until May 4, 1949.

On December 4, 1948, Farley died. On December 24, 1948, there was issued by the civil service commission a "certificate of preference in the matter of Harry J. Gibbons." This certificate showed his appointment as chief of detectives May 31, 1946; his service as such until April 12, 1948, and his return to lieutenant due to Farley's return; that he has seniority in position of chief of detectives of one year, ten months and seven days; that from April 8, 1948, he shall be on a preferred list for a period of three years for the position of chief of detectives and is the only one entitled to such preference. A copy of the certificate was given to the superintendent of public safety in April 1949. On January 4, 1949, the corporation counsel advised the superintendent of public safety that appellee held a preference over all others in the department for the position of chief of detectives.

On May 4, 1949, appellee was advised by letter from the superintendent of public safety, as follows: "Effective immediately, you are hereby relieved of your duties as Acting Chief

of Detectives and you are to return to your regular duties as Lieutenant of Detectives." On the same date appellant was appointed chief of detectives by said superintendent and confirmed by the city council by resolution No. Q-28338.

January 4, 1949, appellee had commenced an action in mandamus to force his reinstatement as chief of detectives. Appellant intervened therein and on May 4, 1949, being the date of hearing of said action, moved to declare the issues moot, since he had been made chief on that date. The motion was sustained and appellee's petition dismissed without prejudice to take appropriate action. On May 20, 1949, the instant action was commenced.

The record shows appellant has been a member of the force since 1938. In 1943 he was eligible for promotion to detective. In October 1943 he entered the service, was honorably discharged December 1945 and returned to the department. He passed the promotional examinations in 1947 and was eligible for promotion to chief of detectives. He took the examinations in 1949 and failed to obtain a passing grade. He was appointed chief of detectives May 4, 1949.

Section 29.25, Code of 1946, entitles all municipal employees entering the military service in time of emergency to a leave of absence "without loss of status or efficiency rating." The city council, by resolutions No. Q-7322 and No. Q-10476, granted civil service employees a leave of absence without loss of status and seniority and right to retain their ratings. Section 365.9, Code of 1946, requires the giving of promotional examinations every two years and that all vacancies must be filled by promotion, where possible, which promotion entitles the recipient to full civil service rights therein. Section 365.11, Code of 1946, requires the civil service commission to certify to the city council, after each examination, a list of those eligible for promotion, from which list all promotions must be made. Except where a preferred list exists, those on the eligible list shall have preference until the next list is certified, if so done within two years.

I. Appellant assigns as error the holding by the trial court that appellee was eligible for promotion to chief of detectives in 1946. This is upon the theory that he did not take the examination in 1945 and was barred by section 365.11, supra.

At the time of the examinations in 1945 appellee was in the service and did not take them, and on May 31, 1946 was promoted to chief. Was he eligible for promotion? The trial court held he was and we agree.

Appellee was entitled to the benefits of section 29.25 and resolutions No. Q-7322 and No. Q-10476, supra. He was entitled to leave of absence without a loss of status or efficiency rating. "Status", as defined by Webster's New International Dictionary, Second Edition, means "a person's condition arising out of legal station." "Rating", by the same authority, means "relative position or standing." The purpose of the above statute and resolutions is to protect the employee who enters the service, and should be liberally construed. In 1944 appellee's status and rating was that of "eligible for promotion to chief of detectives." To say that while in the service he loses this right because of being unable to take the examinations in 1945 is to deny him the rights clearly intended he should have. He was entitled to appear as eligible on the 1945 list and to continue thereon until the next examination after his return from service. The trial court so held and rightly so.

II. Appellant further contends that the trial court erred in holding that a vacancy existed in the office of chief of detectives upon the appointment of Farley to chief of police. An office is vacant when it is without an incumbent who has the right to exercise the functions thereof and take its emoluments. 42 Am. Jur., Public Officers, section 131; 43 Words and Phrases, Perm. Ed. 604.

Section 365.14, Code of 1946, provides that a police officer under civil service may be appointed chief of police without loss of civil service status, but attains no civil service rights to the position of chief of police. Under the above section, the office of chief of police is entirely removed from the office of chief of detectives and the incumbent thereof could not exercise the functions or receive the emoluments thereof. The retention of civil service status, pending his return thereto, if ever, does not in the least change the fact of a vacancy. It is appellant's theory that the vacancy thus created is similar to that in a case where the man goes into service, and which under section 29.25 is deemed to be temporary. Under that section a leave of absence

is granted; not so under section 365.14. A leave of absence connotes a permission to be away from a certain place for a stated time with the supposition of returning thereto. It is not a case of temporary absence but a quitting of one job for another without losing civil service rights already attained. The trial court was clearly correct in holding that a permanent vacancy existed.

 III. It is further contended by appellant the "certificate of preference" was void and granted no rights to appellee. Section 365.28 provides for the reduction in number of civil service employees, or their reduction in grade under certain circumstances, without complying with sections 365.18–365.27, Code of 1946. It allows this to be done by abolishment of the office or by suspension of the necessary number of men. To "suspend" means, as defined in Webster's New International Dictionary, Second Edition, "to cause to withdraw temporarily from any privilege or office." Upon the return of Farley, there were two parties holding civil service rights to the office of chief of detectives, Farley however having seniority over appellee. The organization of the police department called for but one chief of detectives, and thus section 365.28 became effective.

 It is true, as contended by appellant, that no resolution was passed by the city council ordering the suspension. However, it appears that this was the method used in the department and which was known and accepted by all parties concerned. The situation was met by the letter of the superintendent of public safety, who is a member of the council. It was a situation which created an immediate emergency calling for prompt action. We do not feel in this situation that the inadvertence or neglect of the council to act invalidates the action taken, at least to the extent of depriving appellee of civil service rights guaranteed him by chapter 365, Code of 1946. City of Des Moines v. Board of Civil Service Commrs., 227 Iowa 66, 287 N.W. 288, cited by appellant is not in point. The suspension being valid, the "certificate of preference" follows under the provisions of the statute. Under it appellee was entitled to the appointment as chief of detectives at the time of the appointment made in May 1949. The action of the city council in confirming the appointment of appellant was error and illegal. Zanfes v. Olson, 232 Iowa 1169, 7 N.W.2d 901.

While appellant assigns other matters as constituting error on the part of the trial court, we have examined the same and find no merit therein.

The judgment of the trial court should be and is affirmed.— Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.