EMPLOYMENT SECURITY COMMISSION *v.* VULCAN
FORGING COMPANY.

OPINION OF THE COURT.

1. UNEMPLOYMENT COMPENSATION—QUALIFICATION FOR BENEFITS—
PART TIME EMPLOYMENT.

Employees are entitled to unemployment compensation benefits, if
not otherwise disqualified, who during any week perform no
services and with respect to which they receive no remuneration
or who during any week of less than full-time work receive
remuneration less in amount than the weekly unemployment
compensation benefit rate (CLS 1961, § 421.48).

2. SAME—VACATION PAY.

Vacation pay received for periods of unemployment is considered
remuneration in determining whether an employee is unem-
ployed and in determining the amount of unemployment com-
pensation benefits (CLS 1961, §§ 421.27, 421.48).

3. SAME—LEAVE OF ABSENCE—VACATION.

A *leave of absence,* as the term is defined in the employment
security act, is not synonymous with *vacation,* but signifies an
authorized temporary absence from work for other than vaca-
tion purposes (CLS 1961, §§ 421.29, 421.48).

4. SAME—VACATION—WAIVER, RELEASE, OR COMMUTATION BY AGREE-
MENT.

Claimants who are entitled to unemployment compensation
benefits may not waive, release, or commute same by agree-
ment with the employer (CL 1948, § 421.31; CLS 1961,
§ 421.48).

REFERENCES FOR POINTS IN HEADNOTES

[1-6] 48 Am Jur, Social Security, Unemployment Insurance, and
Retirement Benefits § 34.
[7] 14 Am Jur, Costs § 91.

5. Same—Vacation—Overruled Case.

Employees who were unpaid for period of vacation or only partially paid therefor, not otherwise disqualified for unemployment compensation benefits *held*, entitled to such benefits, expressly overruling *I. M. Dach Underwear Company* v. *Employment Security Commission*, 347 Mich 465 (CLS 1961, §§ 421.29, 421.48).

### Dissenting Opinion.
#### Dethmers, Kelly, and O'Hara, JJ.

6. Unemployment Compensation—Collective Bargaining Contract—Disqualification for Benefits—Vacation.

*Claimants for unemployment compensation benefits were disqualified from receiving such benefits for such portion of vacation period as fell within time provided in collective bargaining contract covering such employees and were not disqualified from receiving such benefits for such period as fell without time provided in such contract (CLS 1961, § 421.28).*

7. Costs—Unemployment Compensation—Vacation.

*No costs are allowed in proceedings to obtain unemployment compensation benefits, a public question being involved in determining whether employees were entitled to such benefits for vacation period (CL 1948, §§ 421.29, 421.48, as amended by PA 1951, No 251, and PA 1955, No 281).*

Appeal from Wayne; Murphy (Thomas J.), J. Submitted December 3, 1963. (Calendar Nos. 74–79, Docket Nos. 49,607, 49,674–49,678.) Decided May 10, 1965.

Certiorari by Employment Security Commission against Vulcan Forging Company, a Michigan corporation, and the Employment Security Appeal Board to review decision of board in matter of claim of Henry Czarnata for unemployment compensation benefits when not qualified for vacation pay under union contract.

Similar actions by commission relating to claims of Laurent Bruneau, Jerry McIntosh, Floyd Henderson, and Charles Tyno, which had been consolidated before hearing referee.

Certiorari by Vulcan Forging Company against
Employment Security Commission, Employment
Security Appeal Board, and Nick Sineveck to review
grant of unemployment compensation benefits where
employer company had paid vacation pay under
union contract.

Cases consolidated on circuit court hearing and
on appeal. Judgment for plaintiff commission modi-
fying orders of appeal board in 5 cases, and judg-
ment for defendant commission confirming order of
appeal board, in all instances granting right of claim-
ants to unemployment compensation benefits. Vul-
can Forging Company appeals from all orders.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *John J. Long,*
Assistant Attorney General, for plaintiff and de-
fendant Employment Security Commission.

*Long, Ryan, Grylls, Franseth & Spicer,* for de-
fendant and plaintiff Vulcan Forging Company.

SOURIS, J. This is an appeal by Vulcan Forging
Company from a decision of the circuit court for
Wayne county involving six consolidated appeals
to that court from decisions of the appeal board of
the employment security commission. In five of the
cases the circuit court ordered payment of unemploy-
ment compensation benefits for a two-week period
during which Vulcan's plant was shut for vacation
but for which the five claimants received no vacation
pay because they lacked the requisite seniority speci-
fied for entitlement to such vacation pay by the col-
lective bargaining agreement between their union
and Vulcan. In the sixth case, the circuit court
ordered payment of one-half the weekly benefit rate,

in accordance with section 27 of the act, CLS 1961, § 421.27 (Stat Ann 1960 Rev § 17.529), the weekly vacation pay received by the claimant being more than one-half, but less than, the weekly unemployment compensation benefit rate provided by the act.

There was a time, prior to PA 1951, No 251, when section 29 of the employment security commission act, CL 1948, § 421.29 (Stat Ann 1950 Rev § 17.531), expressly disqualified an employee from unemployment compensation benefits for any week with respect to which he received any vacation pay. Had this appeal arisen prior to PA 1951, No 251, we would be obliged to reverse the circuit judge's ruling, at least with respect to the sixth claimant who received some vacation pay, in the face of such an express statutory disqualification. The act as amended in 1951 and thereafter, however, expressly includes among the unemployed entitled to unemployment compensation benefits those employees, such as claimants herein, not otherwise disqualified, who during any week perform no services and with respect to which they receive no remuneration or who during any week of less than full-time work receive remuneration less in amount than the weekly unemployment compensation benefit rate. In the face of such express statutory language of entitlement, we are obliged to affirm the trial judge's decision. The statutory language to which we refer appears in CLS 1961, § 421.48 (Stat Ann 1960 Rev § 17.552), and was first added to the act by PA 1951, No 251, which significantly also repealed the section 29 disqualification for paid vacations. It now reads as follows:

"Sec. 48. An individual shall be deemed 'unemployed' with respect to any week during which he performs no services and with respect to which no remuneration is payable to him, or with respect to any week of less than full-time work if the remunera-

tion payable to him is less than his weekly benefit rate: Provided, That any loss of remuneration incurred by an individual during any week resulting from any cause other than the failure of his employing unit to furnish full-time, regular employment shall be included as remuneration earned for purposes of this section and of subsection (c) of section 27 of this act: Provided further, That the total amount of remuneration thus lost shall be determined in such manner as the commission shall by regulation prescribe. For the purposes of this act, an individual's weekly benefit rate shall mean the weekly benefit rate shown in the table in section 27(b), which is applicable to the individual."

Our conclusion is buttressed by the second paragraph of the amended section which, among other things, provides that vacation pay received for such periods of unemployment is considered remuneration in determining whether an employee is unemployed and in determining the amount of unemployment compensation benefits, under section 27 of the act, to which he is entitled. The second paragraph of section 48, to which we refer, reads as follows:

"All amounts paid to a claimant by an employing unit or former employing unit for a vacation or a holiday, and amounts paid in the form of retroactive pay, or in lieu of notice, shall be deemed remuneration in determining whether an individual is unemployed under this section and also in determining his benefit payments under section 27(c), for the period designated by the contract or agreement providing for the payment, or if there is no contractual specification of the period to which such payments shall be allocated, then for the period designated by the employing unit or former employing unit: Provided, however, That payments for a vacation or holiday made, or the right to which has irrevocably vested, after 14 days following such vacation or holiday, and payments in the form of termination,

separation, severance or dismissal allowances, and bonuses, shall not be deemed wages or remuneration within the meaning of this section."

The third and last paragraph of section 48, added by PA 1954, No 197, reads as follows:

"An individual shall not be deemed to be unemployed during any leave of absence from work granted by an employer either at the request of the individual or pursuant to an agreement with his duly authorized bargaining agent, or in accordance with law."

It has been suggested that "leave of absence", as used in the foregoing paragraph really means "vacation". From that unsupported assumption, it is argued that, notwithstanding the crystal-clear language of the two preceding paragraphs which include among those defined as unemployed for purposes of the act employees on vacation who receive no remuneration or remuneration less than their weekly benefit rate, the effect of the third paragraph of the section is to exclude from the definition of those who are unemployed employees granted vacations at their own requests, pursuant to a collective bargaining agreement, or in accordance with law. No explanation is offered for the legislature's failure to use the word "vacation", assuming that is what it meant, and its use, instead, of the term "leave of absence", a term used and defined in section 29 of the act in connection with unemployment due to pregnancy. In rejecting this suggestion, we can conclude only that the legislature's use of the term "leave of absence" was advertent and not inadvertent and that it signifies an authorized temporary absence from work for other than vacation purposes.

While the foregoing analysis of the applicable statute is sufficient for decisional affirmance of the trial court's judgment, there remains the task of

expressly overruling *I. M. Dach Underwear Company* v. *Employment Security Commission* (1956), 347 Mich 465, previously effectively overruled, but *sub silentio,* in *Malone* v. *Employment Security Commission* (1958), 352 Mich 472. In *Dach,* a majority of this Court held that employees unemployed and unpaid during a plant shut-down for vacations were not entitled to unemployment compensation benefits because, it was said, they were not "involuntarily unemployed", the collective bargaining agreement between the employees' union and the employer requiring yearly vacations. The majority's opinion placed emphasis upon section 2 of the act (CL 1948, § 421.2 [Stat Ann 1960 Rev § 17.502]), which declared the policy of the act to be, among other things, to provide for the relief of victims of "involuntary unemployment". However, that opinion failed to consider that section 29, even as then (in 1956) written, did not disqualify a claimant for benefits merely for leaving work voluntarily, but only if he "[l]eft his work voluntarily without good cause attributable to the employer or employing unit". Even if we accept the *Dach* majority's premise that the claimants had left their work voluntarily because their bargaining representative had voluntarily entered into a contract requiring such unpaid "vacations",* by a parity of reasoning it must be conceded such unemployment resulted also from a cause attributable to the employer, namely, the employer's voluntary execution of the contract requiring such unpaid "vacations". Thus, in our view, the express disqualification for voluntary unemployment without good cause attributable to the employer provided

---

* Since claimants were entitled to unemployment compensation benefits by the express provisions of section 48 of the act, they could not by any agreement waive their right to such benefits:

"No agreement by an individual to waive, release, or commute his rights to benefits or any other rights under this act from an employer shall be valid." CL 1948, § 421.31 (Stat Ann 1960 Rev § 17.533).

in section 29 was in *Dach,* and is in this case of
Vulcan, inapplicable to bar claimants from the bene-
fits due them, as made doubly clear by the 1951
amendments.

In *Malone,* while the Court's majority planted its
decision, as do we in this case of Vulcan, squarely
upon the 1951 amendments which were construed to
authorize payment of unemployment compensation
benefits during a vacation period to employees whose
weekly vacation pay was less in amount than their
weekly benefit rate under the act, instead of ex-
pressly overruling *Dach,* its facts were purportedly
distinguished and, thus, it was held not controlling
of decision in *Malone.* The fact differences between
*Dach* and *Malone* are not significant to the rationale
of the decision made in *Dach,* as clearly demon-
strated by Mr. Justice CARR's dissent in *Malone;* nor
are they significant to the rationale of decision in
*Malone,* that decision, like the present one, having
been made, as Judge Thomas Murphy perceptively
observed, on the basis of the 1951 amendments.
Accordingly, *Dach* should have been expressly over-
ruled in *Malone* rather than distinguished on its
facts. We correct that error now. *Dach* is over-
ruled.

Affirmed. Costs may be taxed.

T. M. KAVANAGH, C. J., and BLACK and SMITH, JJ.,
concurred with SOURIS, J.

O'HARA, J. (*dissenting*). I do not agree that *Dach*[1]
has been overruled by implication, nor that it should
be overruled expressly. It should control here.
*Malone*[2] was correctly distinguished from *Dach* in
the *Malone* opinion.

---

[1] *I. M. Dach Underwear Co.* v. *Employment Security Commission,*
347 Mich 465.

[2] *Malone* v. *Employment Security Commission,* 352 Mich 472.

In disposition hereof I would, as to all claimants but Sineveck, vacate the order of the circuit judge and affirm the decision of the appeal board for I agree with its finding that the vacation period which extended into September was not within the contract designated time. Hence for that period the claimants, if otherwise eligible, were entitled to benefits.

As to claimant Sineveck, I would vacate the decisions of the circuit court, the appeal board, the referee and the determination and redetermination of the commission, for under *Dach* since his whole vacation time was within the contract designated period, he is entitled to no benefits.

The cause should be reversed and remanded to the circuit court with directions to enter orders consonant herewith. No costs, a public question.

DETHMERS and KELLY, JJ., concurred with O'HARA, J.

ADAMS, J., took no part in the decision of this case.