ANKERSON *v.* EMPLOYMENT SECURITY COMMISSION.

### DECISION OF THE COURT.

1. UNEMPLOYMENT COMPENSATION—UNPAID VACATIONS.
   Claimant for unemployment compensation benefits for vacation period as to which he was not entitled to vacation pay under the company-union bargaining agreement *held,* not disqualified from benefits since he performed no services and received no remuneration (CL 1948, § 421.1 *et seq.,* as amended).

### SEPARATE OPINION.
### O'HARA, J.

2. UNEMPLOYMENT COMPENSATION—UNPAID VACATIONS.
   *Claimant for unemployment compensation benefits for vacation period as to which he was not entitled to vacation pay under the company-union bargaining agreement* held, *not disqualified from benefits, where he is considered to have met the requirements set forth in the employment security act provision setting forth the conditions which must be met to render a person eligible to receive benefits (CLS 1961, § 421.28).*

3. SAME—QUALIFICATION FOR BENEFITS.
   *Employees are entitled to receive unemployment compensation benefits, if not otherwise disqualified, who during any week perform no services and with respect to which they receive no remuneration (CLS 1961, § 421.48).*

---

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 34 *et seq.*
Right to unemployment compensation as affected by vacation or holiday or payment in lieu thereof. 30 ALR2d 366.
Construction and effect of vacation pay clause in collective labor agreement. 30 ALR2d 351.

4. SAME—WAIVER OF BENEFITS—COLLUSIVE AGREEMENT.

> *The waiver of an unemployment compensation benefit pursuant to a collusive agreement between the employer and employee would be void (CLS 1961, § 421.31).*

DISSENTING OPINION.

DETHMERS and KELLY, JJ.

5. UNEMPLOYMENT COMPENSATION—VACATION—DISQUALIFICATION FOR BENEFITS.

> *Unemployment compensation benefits should not be paid to an employee for vacation period prescribed by contract with union of which he was a member, since the employee is not involuntarily unemployed during such period, hence, is disqualified from receiving such benefits (CLS 1961, § 421.1 et seq., as amended).*

Appeal from Ingham; Hughes (Sam Street), J. Submitted November 6, 1964. (Calendar No. 57, Docket No. 50,372.) Decided July 13, 1965.

Claim for unemployment benefits by Arnold G. Ankerson against Cone Drive Gears Division, Michigan Tool Company. Claim denied by referee and Employment Security Commission. Appeal to appeal board of defendant commission. Affirmed. Certiorari to Ingham county circuit court. Affirmed. Plaintiff appeals. Reversed and remanded for order granting benefits.

*Zwerdling, Miller, Klimist & Maurer (A. L. Zwerdling* and *Nino E. Green,* of counsel), for plaintiff.

*Dahlberg, Simon, Jayne, Woolfenden & Gawne (Benjamin W. Jayne,* of counsel), for defendant company.

T. M. KAVANAGH, C. J. Plaintiff was employed by the Cone Drive Gears Division, Michigan Tool Com-

pany, and was laid off on July 8, 1960, for two weeks by his employer and remained unemployed for that period. Plaintiff was not entitled to any vacation pay under the company-union bargaining agreement because he had been on layoff during 1959 and had not acquired 30 days seniority prior to December 31, 1959.

Plaintiff sought to continue working during the vacation period but was told by his foreman that the men who were to work had already been selected, and that there would be no work available for him. He returned to work on July 25, 1960.

Plaintiff filed a claim July 11, 1960, and certified for weeks ending July 16 and July 23, 1960, with the Michigan employment security commission. The hearing referee and the commission denied his claim. The appeal board of the Michigan employment security commission and the Ingham circuit court affirmed. Plaintiff, on leave granted by this Court, appeals, contending he was eligible for benefits as an unemployed person within the meaning of the Michigan employment security act[1] for the two-week period which his employer designated as a "vacation."

The sole question in this case is whether appellant was eligible for benefits as an unemployed person within the meaning of the Michigan employment security act for the two-week period which his employer and union designated as a compulsory vacation period.

Appellees contend, (1) that the purpose of the said act is to provide relief for people who are out of work through no fault of their own; the fault here is solely that of the claimant; that he, through his lawful and designated agent, negotiated a contract

---

[1] PA 1936 (Ex Sess), No 1 (CL 1948, § 421.1 et seq., as amended [Stat Ann 1960 Rev § 17.501 et seq.]).

which put him out of work for a two-week period in July; that the claimant's remedy is a change in the contract reducing the eligibility requirements for vacation pay, it is not a petition for unemployment benefits; that legally and morally, he was voluntarily out of work and to permit him to draw unemployment benefits is to make a mockery of the employment security act and of the union contract; (2) that this case is controlled by the case of *I. M. Dach Underwear Company* v. *Employment Security Commission,* 347 Mich 465.

These arguments were discussed and squarely answered by the majority opinion of this Court in *Employment Security Commission* v. *Vulcan Forging Company,* 375 Mich 374, 376, reversing the *Dach Case.*

Reversed and remanded for entry of order granting unemployment benefits to the appellant. Plaintiff shall have costs.

BLACK, SOURIS, and SMITH, JJ., concurred with T. M. KAVANAGH, C. J.

O'HARA, J. (*concurring*). I yield to the majority view and concur with the Chief Justice for the following reasons:

At page 469, in *I. M. Dach Underwear Company* v. *Employment Security Commission,* 347 Mich 465, the following appears:

"The employment security commission denied compensation on the ground that the applicants were on vacation, and, hence, *not available for work.*" (Emphasis supplied.)

*Dach* has been expressly overruled by a majority of this Court. Hence claimant here must be con-

sidered to have met the eligibility requirements of section 28.[1]

. This then leaves the question of the legislative intent of section 48[2] to be determined without reference to section 28. I, therefore, agree with Mr. Justice SOURIS' determination of that intent as expressed by him in *Vulcan*.[3]

I adhere to the view of the waiver theory expressed by the Minnesota Supreme Court[4] as follows (p 62):

"There is an important distinction between an agreement for a leave or vacation shutdown which gives rise to no unemployment compensation benefits and a collusive agreement that unemployment compensation benefits be waived."[5]

My concurrence with the Chief Justice is planted upon the wording of section 48 read independent of and unlimited by our prior interpretation of the eligibility requirements of section 28.

DETHMERS, J. (*dissenting*). A reading of the opinion of this Court in *Renown Stove Company* v. *Unemployment Compensation Commission*, 328 Mich 436, the opinions written by Mr. Justice CARR in the cases of *I. M. Dach Underwear Company* v. *Employment Security Commission*, 347 Mich 465, and *Malone* v. *Employment Security Commission*, 352 Mich 472, and that of Mr. Justice O'HARA in *Employment Security Commission* v. *Vulcan Forging Company*, 375 Mich 374, will indicate why I favor af-

---

[1] CLS 1961, § 421.28 (Stat Ann 1960 Rev § 17.530).—REPORTER.

[2] CLS 1961, § 421.48 (Stat Ann 1960 Rev § 17.552).—REPORTER.

[3] *Employment Security Commission* v. *Vulcan Forging Company*, 375 Mich 374.

[4] *Jackson* v. *Minneapolis-Honeywell Regulator Company*, 234 Minn 52 (47 NW2d 449).

[5] See CL 1948, § 421.31 (Stat Ann 1960 Rev § 17.533).—REPORTER.

firmance of the circuit court order denying compensation in this case.

The order should be affirmed.   Costs to defendants.

KELLY, J., concurred with DETHMERS, J.

ADAMS, J., did not sit.