PATRICIA I. BLINN, APPELLANT, v. BOARD OF TRUSTEES OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM, AND DIVISION OF PENSIONS, NEW JERSEY DEPARTMENT OF TREASURY, WILLIAM J. JOSEPH, DIRECTOR, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted February 11, 1980—Decided March 5, 1980.

Before Judges ALLCORN, MORGAN and FRANCIS.

Patricia I. Blinn, appellant, filed a brief *pro se*.

*John J. Degnan,* Attorney General, attorney for respondent (*Erminie L. Conley,* Assistant Attorney General, of counsel; *Samuel J. Halpern,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

ALLCORN, P. J. A. D.

We are convinced that the grant of a leave of absence to a state employee does not terminate the employment relationship between the state and the employee and that, during the term of such leave of absence, the employment relationship continues—albeit in an inactive status. The phrase "leave of absence" itself "connotes a continuity of the employment status," *Roche v. Board of Review,* 156 *N.J.Super.* 63, 65 (App.Div. 1978); *Bowers v. American Bridge Co.,* 43 *N.J.Super.* 48 (App. Div.1956), aff'd o. b. 24 *N.J.* 390 (1957); *N.J.A.C.* 17:2–4.11. It is simply an authorized temporary absence from active service

which, in the normal course and all other things being equal, implies the right of the employee to return to active employment in the employer's service at the conclusion of such leave of absence. Were it to be equated with a discontinuance or termination of employment, a leave of absence would be a meaningless term, signifying nothing.

If a state employee who has been granted a leave of absence continues to be in the service or employment of his employer until the expiration of such leave, it necessarily follows that he retains his membership in the pension system during the leave of absence. For, by the very language of the pertinent statute, membership "of any person in the retirement system shall cease if he shall discontinue his service for more than 2 consecutive years." *N.J.S.A.* 43:15A–7 e. The appellant not having discontinued her employment or terminated her service with the State until her resignation on August 26, 1975, which coincided with the terminal date of her leave of absence, and having been reemployed by the State on June 20, 1977, her membership in the pension system never ceased. Her reemployment by the State occurred less than two consecutive years following her resignation.

We perceive no merit to the contention of the Public Employees' Retirement System (P.E.R.S.) that the discontinuance of service language in *N.J.S.A.* 43:15A–7 e must be equated with discontinuance of pension contributions to the pension system. See *N.J.A.C.* 17:2–4.12(b).

Accordingly, the determination of the Board of Trustees is reversed and the cause is remanded with directions that appellant's membership in P.E.R.S. be restored and reactivated as of June 20, 1977, at the same rate of contribution and with the same service credit established as of her resignation on August 26, 1975.