James J. BEWLEY, Appellee,

v.

VILLISCA, IOWA COMMUNITY SCHOOL DISTRICT, Appellant.

No. 64624.

Supreme Court of Iowa.

Dec. 17, 1980.

Jeffrey B. Millhollin of Mullin & Millhollin, Corning, for appellant.

Mark D. Swanson of Swanson, Boeye & Bloom, Red Oak, for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, ALLBEE and LARSON, JJ.

LARSON, Justice.

Discretionary review was granted in this case to determine whether a school district's requirement that an employee combine his vacation with his national guard training period violated chapter 29A, The Code 1975. We conclude the actions of the school district violated section 29A.43, and affirm the district court.

The appellee, James Bewley, was employed as a custodian with the appellant Villisca, Iowa, Community School District from June, 1976 to January, 1979. The parties entered into annual contracts of employment, each providing Bewley with a two-week vacation, "to be determined with consent of [the] Superintendent." In 1976 and 1977, Bewley was informed by the superintendent that an unwritten school district policy required employees who were members of the national guard to take their vacations during the same period of time

they were attending national guard training camp. Apart from this "vacation" with the national guard, Bewley did not receive any other vacation time during those two years. In 1978, Bewley took four weeks of vacation, two of which were spent in training camp with the national guard. The 1978 vacation had not been "determined .with consent of the superintendent" as required by the contract. The magistrate held that Bewley was therefore precluded from recovery for that year, and the district court agreed. No cross–appeal was taken from that ruling. Therefore, despite Bewley's request in his brief that we do so, we do not consider the propriety of the court's ruling as to 1978. We address only the claims for 1976 and 1977.

Two provisions of Iowa's Military Code, chapter 29A, The Code 1975, involve the rights of national guard members in relation to their non–military employment. Section 29A.28 applies to employees of political subdivisions which, of course, would include the appellant, a school district. It provides in part:

> All officers and employees of the state or a subdivision thereof or a municipality ... who are members of the national guard ... shall ... be entitled to a leave of absence from such civil employment for the purpose of ... active state ... service *without loss of status or efficiency rating, and without loss of pay* during the first thirty days of such leave of absence.

(Emphasis added.) The school district argues that an employee, who is required to combine his vacation and national guard camp and is paid for his time off the job, has not suffered "loss of status ... efficiency rating ... [or] pay" and section 29A.28 is therefore inapplicable. Bewley, citing various authorities, contends section 29A.28 must be liberally construed in favor of an employee and should be interpreted to prohibit the school's actions here.

It is not necessary to resolve the issue on the basis of section 29A.28 because, in any event, section 29A.43, proscribes the acts of this employer. It provides in part:

> *No person, firm, or corporation*, shall discriminate against any officer or enlisted person of the national guard or organized reserves of the armed forces of the United States because of his membership therein. *No employer, or agent of any employer*, shall discharge any person from employment because of being an officer or enlisted person of the military forces of the state .... Any member of the national guard or organized reserves of the armed forces of the United States ordered to temporary active duty for the purpose of military training ... shall be entitled to a leave of absence during the period of such duty or service from the member's *private* employment, other than employment of a temporary nature, and upon completion of such duty or service the employer shall restore such person to the position held prior to such leave of absence, or employ such person in a similar position, .... *Such period of absence shall be construed as an absence with leave, and shall in no way affect the employee's rights to vacation, sick leave, bonus, or other employment benefits* relating to the employee's particular employment.

(Emphasis added.) The school district argues, and Bewley apparently concedes, that section 29A.43 is directed only to non–public employees and therefore inapplicable here. We do not agree. While it refers at the outset to "person[s], firm[s] or corporation[s]," we do not believe a school district is to be excluded merely on the basis of that language. It is a municipal corporation; and the section indicates a broad scope in providing that "[n]o employer, or agent of any employer" shall engage in certain acts. (Emphasis added.) The school district apparently reasons that the statute's reference to "private employment" indicates a legislative intent to limit the protective provisions to private vis–a–vis public employers. The statutory reference to "private" employment, however, may be as per-

suasively argued to mean a non–*military* occupation as a non–*public* one.

 It is obvious from the wording of section 29A.43 that its effect could be forcefully argued from both viewpoints. However, we believe consideration of familiar construction principles requires its application in this case: this statute, like section 29A.28, should be liberally construed in favor of the employee, *see Gibbons v. City of Sioux City*, 242 Iowa 160, 164, 45 N.W.2d 842, 845 (1951); the consequences of a particular construction are to be accorded consideration, § 4.6(5), The Code 1979; *Churchill Truck Lines, Inc. v. Transportation Regulation Board*, 274 N.W.2d 295, 298 (Iowa 1979); and the spirit of a statute, as reflected in its wording and legislative history, should be considered in construing its terms, *Doe v. Ray*, 251 N.W.2d 496, 500–501 (Iowa 1977); *see* § 4.6(2), The Code 1979.

To construe section 29A.43 to exclude public employees would permit public employers to discriminate against their employees on the basis of national guard membership, while a private–sector employer could not. We do not ascribe such intent to the legislature. Moreover, exempting public employers from the scope of section 29A.43 does not comport with either the purpose of its enactment or its intended spirit. As originally proposed in the legislature, the statute would have provided:

> No employer or officer or agent of any corporation, company, or firm, or other person shall . . . dissuade any person from enlistment . . . by threat or injury to him . . . in respect to his employment.

1934–35 Extra Session H.F. 306, § 8, at 4. As enacted by the legislature, the statute provided:

> No person shall discriminate against any [national guard member] because of his membership therein . . . . No employer or officer or agent of any corporation, company, or firm, or other person shall

discharge any person from employment because [of his national guard membership] or hinder or prevent him from performing any military service . . . in respect to his employment . . . .

§ 467–f5, The Code 1935. Twenty–five years later, the legislature substantially rewrote the statute and an additional provision was included which, apart from minor gender–related modifications, now provides:

> Any member of the national guard . . . ordered to temporary active duty for the purpose of military training . . . shall be entitled to a leave of absence during the period of such duty or service from the member's private employment . . . . Such period of absence shall be construed as an absence with leave, and shall in no way affect the employee's rights to vacation, sick leave, bonus, or other employment benefits relating to the employee's particular employment.

§ 29A.43, The Code 1979; *see* § 29.43, The Code 1958.

 This history sets forth a background for the examination of the present statute with its accompanying purposes and policies. First, we note that the proscription in the proposed statute against "dissuad[ing] any person from enlistment" broadly pertained to every employer. Second, despite the differences in wording, the language of the statute, as proposed, as enacted, and as amended, reveals a legislative purpose of encouraging national guard membership[1] through an assurance against employer discrimination. *Cf. Gibbons v. City of Sioux City*, 242 Iowa 160, 164, 45 N.W.2d 842, 845 (1951) (purpose of section 29A.28 is "to protect the employee who enters the service"). There is no suggestion that, in 1958, the legislature intended to exempt public employers' employees from the protective provisions of the statute, or that the policy of encouraging membership had been abandoned. Accordingly, we believe that section

---

1. *Cf.* August 17, 1978 Op.Att'y.Gen. 618, 620; September 30, 1936 Op.Att'y.Gen. 619, 620 (construing predecessors to § 29A.28, The Code 1979).

29A.43 is applicable to public, as well as private, employers.

It might be argued that to hold section 29A.43 applicable here would be incompatible with section 29A.28, which expressly applies to public employers. We believe these sections are neither incompatible, as applied to public employees, nor redundant; they essentially deal with different subject matter. Section 29A.28 requires granting of leave to military personnel with pay for the first thirty days. On the other hand, section 29A.43 does not require an employer to pay for the military "vacation" time; it only provides that an employee may not be discriminated against because of his military obligations. And section 29A.43 imposes penal sanctions while section 29A.28 does not.[2]

■ Having concluded section 29A.43 applies to all employers, we find that the

school district's policy violated the statute because it "affect[ed] the employee's rights to vacation." The magistrate's remedy for violation of the statute was to enter a judgment for damages, as Bewley requested. Although the school district argues that a money award would result in fifty–four weeks pay for fifty–two weeks work, which "wouldn't seem logical nor in the best interests of the employer," this argument is raised only on the issue of statutory construction. No separate issue is raised by the school district as to the amount of damages nor even as to whether remedies for chapter 29A violations include money damages. We therefore do not address those issues.

We find no error in the district court's judgment.

AFFIRMED.

2. Provisions for penal sanctions should not be construed as evidence of intent to exclude public employers from coverage under section 29A.43; our rule, now embodied in section 703.5, The Code, is that public corporations may be subjected to criminal liability in the same manner as private corporations.