**REAGAN OUTDOOR ADVERTISING, INC., a Utah corporation, Plaintiff and Appellant,**

v.

**Alvin R. LUNDGREN, Defendant and Respondent.**

**No. 18908.**

Supreme Court of Utah.

Nov. 15, 1984.

David W. Slagle, Salt Lake City, for plaintiff and appellant.

Richard D. Burbidge, Salt Lake City, for defendant and respondent.

HALL, Chief Justice:

Plaintiff sued defendant for damages and injunctive relief based on an alleged

breach of a noncompetition agreement. The district court granted summary judgment in favor of defendant. Plaintiff appeals, contending that genuine issues of material fact precluded summary disposition. We affirm.

■ In reviewing a summary judgment, we consider the record in the light most favorable to the party opposing the motion, resolving all doubts in his favor.[1] Viewed in this light, the record reflects the following facts.

In July 1975, defendant began working for plaintiff as a salesman. At that time, defendant entered a written agreement not to compete with plaintiff for two years after termination of his employment.[2] In August 1976, a dispute arose between the parties about commissions and bonuses defendant claimed were due him. As a result of the dispute, defendant stopped working for plaintiff and immediately went to work for a California company. Upon learning of defendant's new employment, plaintiff reclaimed a company car from him and stopped paying his compensation. About two weeks later, defendant met with plaintiff's president and agreed to return to work for plaintiff as a manager, with increased compensation. Defendant also orally agreed to be bound again by the noncompetition agreement.[3] In January

1979, defendant terminated his employment with plaintiff and, shortly thereafter, formed a business in competition with plaintiff.

■ Based on these facts, defendant is entitled to judgment as a matter of law. Defendant first terminated his employment with plaintiff in 1976. Thus, by its own terms, the written agreement not to compete for two years after termination of his employment expired in 1978. Defendant's oral promise to be bound by the noncompetition agreement upon his re-employment was, by its terms, not to be performed within one year from its making. Therefore, it is unenforceable under the statute of frauds.[4]

Plaintiff contends there is a genuine issue whether defendant terminated his employment with plaintiff in 1976. It asserts that the period during which defendant did not work for plaintiff was a leave of absence. The record, however, reflects only allegations and conclusions, unsupported by specific facts, in support of this assertion.

■ Two elements of a leave of absence that distinguish it from a termination of employment are permission to leave work and an intent to return.[5] Plaintiff has set forth no specific facts suggesting

---

1. Utah R.Civ.P. 56; *Bushnell Real Estate, Inc. v. Nielson,* Utah, 672 P.2d 746, 749 (1983).

2. Plaintiff was unable to produce a copy of the alleged agreement, and defendant denies its existence. Since we decide this appeal on other grounds, we need not decide here whether there was a genuine issue of fact as to the existence of the agreement. We assume there was only for purposes of this decision.

3. Again, defendant denied having orally promised to be bound by the agreement. Since we decide this appeal on other grounds, we need not decide here whether there was a genuine issue of fact whether the promise was made. *See supra* note 1.

4. U.C.A., 1953, § 25-5-4(1).

5. *Gibbons v. Sioux City,* 242 Iowa 160, 165, 45 N.W.2d 842, 844 (1951) ("leave of absence connotes a permission to be away from a certain

place for a stated time with the supposition of returning thereto"); *Blinn v. Board of Trustees,* 173 N.J.Super. 277, 278–79, 414 A.2d 263, 264 (1980) (leave of absence is "simply an authorized temporary absence from active service which ... implies the right of the employee to return to active employment in the employer's service at the conclusion of such leave of absence"); *State ex rel. McGaughey v. Grayston,* 349 Mo. 700, 710, 163 S.W.2d 335, 341 (1942) ("[t]he common meaning of the term [leave of absence] signifies temporary absence from duty with an intention to return"); *Goodyear Tire & Rubber Co. v. Employment Sec. Bd.,* 205 Kan. 279, 285, 469 P.2d 263, 268 (1970) (leave of absence denotes "intention to return"); *Lauderdale v. Division of Employment Sec.,* Mo.App., 605 S.W.2d 174, 177 (1980) (leave of absence is "temporary absence from duty with intention to return"); *Employment Sec. Comm'n v. Vulcan Forging Co.,* 375 Mich. 374, 379, 134 N.W.2d 749, 752 (1965) (leave of absence "signifies an authorized temporary absence from work for other than vacation purposes").

that either of these two elements was present in this case. To the contrary, in referring to defendant's absence, plaintiff's own evidence indicates that defendant "failed to report for work" and that defendant "did not appear for work as was required." Defendant's evidence that he left because of a dispute over commissions and bonuses is uncontroverted. Plaintiff's evidence further shows that defendant informed plaintiff that he was working for another company and that, in response to this information, plaintiff reclaimed its car from defendant. Finally, plaintiff's evidence establishes that defendant agreed to "come back to work" after he had left and reported that he had another job, i.e., after the employment relationship had already been severed.

 Plaintiff primarily relies on the affidavit that states that defendant lost no benefits or status in the company as a result of his absence and that he "was treated as if the time he was away from work was merely a leave of absence." However, the assertion that defendant was simply on a "leave of absence" constitutes nothing more than a conclusory statement that is insufficient to create a genuine issue of fact, which would preclude the entry of summary judgment. In leaving without permission and accepting other employment, defendant terminated his employment with plaintiff. Therefore, the subsequent restoration of benefits can only be viewed as part of the inducement to return to plaintiff's employment, along with the resolution of prior disputes, the pay raise and the promotion to manager.

A major purpose of summary judgment is to avoid unnecessary trial by allowing the parties to pierce the pleadings to determine whether there is a genuine issue to present to the fact finder.[6] In accordance with this purpose, specific facts are required to show whether there is a genuine issue for trial.[7] The allegations of a pleading or factual conclusions of an affidavit are insufficient to raise a genuine issue of fact.[8]

We find no genuine issue of fact as to defendant's termination of his employment with plaintiff in 1976. The judgment of the district court is affirmed. Costs to defendant.

HOWE, DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.

---

6. *Webster v. Sill,* Utah, 675 P.2d 1170 (1983).

7. Utah R.Civ.P. 56(e).

8. *Norton v. Blackham,* Utah, 669 P.2d 857 (1983); *Bangerter v. Poulton,* Utah, 663 P.2d 100 (1983).