BRIGHAM TRUCK AND IMPLEMENT
COMPANY, a Utah corporation,
Plaintiff and Respondent,

v.

Ronald K. FRIDAL, aka Ron K. Fridal,
Defendant and Appellant.

No. 20004.

Supreme Court of Utah.

Nov. 27, 1987.

Jack H. Molgard and Quinn D. Hunsaker, Brigham City, for defendant and appellant.

Roger F. Baron, Brigham City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from an adverse summary judgment awarding plaintiff $19,089.58 as a deficiency judgment after repossession and sale of an International tractor purchased by defendant. We affirm.

In reviewing a summary judgment, we consider the record in the light most favorable to the party opposing the motion, resolving all doubt in his favor. *Reagan Outdoor Advertising, Inc. v. Lundgren,* 692 P.2d 776 (Utah 1984).

When defendant purchased the tractor from plaintiff for $47,800, he traded a John–Deere tractor as down payment. Plaintiff later learned that contrary to defendant's representation that the John–Deere tractor was unencumbered, it was subject to a security interest by another creditor. Plaintiff therefore repossessed the International tractor, notified defendant of its proposed sale at public auction, and purchased it at that auction for the sum of $31,000. This action for the deficiency ensued. In his answer to plaintiff's complaint, defendant admitted the purchase price of the International tractor and the security interest on the trade-in tractor, but alleged as an affirmative defense that plaintiff's sale of the International tractor was not held in a commercially reasonable manner.

Plaintiff moved for summary judgment, and defendant's counsel requested an extension of time to file opposition papers on the ground that he had not had any contact with defendant in over three months. He objected to plaintiff's motion on the ground that he had not had sufficient time to conduct discovery proceedings in order to supply counter-affidavits to plaintiff's affidavit. The trial court denied plaintiff's motion without prejudice and gave defendant reasonable time in which to conduct discovery and file further documentation resisting plaintiff's motion. Six months later, plaintiff renewed its motion for summary judgment, supplemented its affidavit, and informed the court that defendant had not conducted any discovery. Defendant again opposed the motions, stating that discovery had been halted because settlement negotiations had been held, though no agreement could be reached, and that summary judgment should be denied because it would be based solely on the affidavit of plaintiff's president. Defendant filed no counter-affidavits.

The court granted plaintiff summary judgment and, in a signed memorandum decision, noted that affidavits filed by plaintiff indicated compliance with notice requirements and commercial reasonableness of the sale and that defendant had produced no counter-affidavits or evidence

that the tractor was worth more than $31,-000. "All that is presented by defendant is the argument that a tractor purchased new in September 1982 for $47,000 and sold used in April of 1983 for $31,000 is suspect."

Defendant filed a motion for reconsideration, which was denied. Formal findings reflecting the memorandum decision, conclusions of law, and judgment were entered. This appeal followed.

Defendant contends that a genuine issue of material fact existed as to the commercial reasonableness of the sale of the tractor which was not eliminated by his failure to proffer affidavits. In addition, he claims that the court should have granted him more time to conduct crucial discovery once settlement negotiations were ended and plaintiff's motion for summary judgment was renewed.

## I.

In an action for a deficiency judgment, the secured party has the burden of establishing that the disposition of property was done in a commercially reasonable manner. *FMA Financial Corp. v. Pro–Printers*, 590 P.2d 803 (Utah 1979); *accord Utah Bank & Trust v. Quinn*, 622 P.2d 793 (Utah 1980); *see also* Annot., 59 A.L.R. 3d 369 (1974). Whether a particular sale is commercially reasonable is to be determined on a case-by-case basis. *Security State Bank v. Broadhead*, 734 P.2d 469 (Utah 1987). That determination depends on whether the circumstances of the sale and the manner-of-business context in which it occurred support a conclusion that the sale was conducted in a commercially reasonable manner. *Id.* at 472; *Scharf v. BMG Corp.*, 700 P.2d 1068 (Utah 1985). Of primary importance are the secured party's attempts to obtain a fair price for the collateral by advertising the collateral or otherwise notifying potential buyers that the collateral is for sale. *Haggis Management, Inc. v. Turtle Management*, 745 P.2d 442 (Utah 1985). The fact that a better price could have been obtained by a sale at a different time or in a different

method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. Utah Code Ann. § 70A–9–507(2) (1980); *FMA, supra.* In *FMA* and *Haggis,* this Court noted that lack of notice, unexplained inactivity with the collateral for six months, lack of advertising, and minimal efforts on the part of the secured party were insufficient as a matter of law to establish that the collateral was sold in a commercially reasonable manner.

■ In the instant case, plaintiff's president submitted an affidavit in which he described his company's efforts to resell the collateral. Defendant was given notice by certified letter mailed March 22 that a public auction would be held April 2, 1983. The sale was advertised by 25 thirtysecond radio commercials broadcast on KBUH radio between March 26 and April 2. *The Box Elder News and Journal* in Brigham City advertised the sale on March 23 and March 26. *The Leader,* a Tremonton newspaper, advertised the sale on March 24 and March 31. The affidavit also explained the delay over the winter months in holding the public auction. The parties were negotiating to see if defendant would have the means to take the tractor back, and farm equipment such as the tractor did not sell well during the winter months. Plaintiff's president stated that the tractor had five hundred hours of use when resold and that, in his opinion, based upon fifteen years of experience with the sale of tractors, used equipment generally sold for much less than new equipment. Under section 70A–9–504(3), the secured party is expressly permitted to buy at any public sale.

Defendant does not dispute or controvert those facts by affidavit or otherwise. When a motion for summary judgment is made and supported as provided in rule 56(c) of the Utah Rules of Civil Procedure, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided for in the rule, must set forth specific facts showing that there is a genuine issue for trial. *Cowen and Co. v. Atlas Stock Transfer Co.,* 695 P.2d 109 (Utah 1984).

From the evidence in the record, we conclude that plaintiff, as the secured creditor, complied with the requirements of commercial reasonableness. The public, upon proper notice, was invited to participate and given an opportunity to bid upon a competitive basis. The absence of those factors was cited in *Pioneer Dodge Center, Inc. v. Glaubensklee,* 649 P.2d 28 (Utah 1982), as precluding commercial reasonableness. The price realized on foreclosure, the time and place of sale, the publicity attending the auction, and plaintiff's familiarity with the property sold support the conclusion that the sale was conducted in a commercially reasonable manner. *See generally* Annot., 7 A.L.R.4th 308 (1981).

II.

■ Where a plaintiff had initiated discovery to gather facts necessary to supply counter-affidavits in opposition to a motion for summary judgment, this Court reversed the trial court which had denied him the opportunity for further discovery. *Cox v. Winters,* 678 P.2d 311 (Utah 1984). Here, by contrast, the trial court initially denied plaintiff's motion for summary judgment in order to provide just such an opportunity to defendant. It was thereafter incumbent upon defendant to adduce whatever material defenses he had to the entry of a deficiency judgment as a matter of law, and he could not be heard twice to allege that because of settlement negotiations he had postponed "crucial" discovery. Had a material defense existed, a simple affidavit to that effect could have placed the propriety of a deficiency judgment in doubt and thus avoided summary judgment. However, bare contentions, unsupported by any specifications of facts in support thereof, raise no material questions of fact. *Massey v. Utah Power & Light,* 609 P.2d 937 (Utah 1980).

We hold that the trial court properly ruled that plaintiff was entitled to a deficiency judgment as a matter of law. The judgment is affirmed.