Janese A. **NORTON**, Plaintiff and Appellant,

v.

Becky Mae **BLACKHAM**, Defendant and Respondent.

No. 17702.

Supreme Court of Utah.

Aug. 23, 1983.

John D. Russell, Salt Lake City, for plaintiff and appellant.

Stephen G. Morgan, Salt Lake City, for defendant and respondent.

STEWART, Justice:

The plaintiff filed suit claiming damages as a result of a car accident with the defendant. The trial court granted summary judgment for the defendant on the ground that the parties had entered into an agreement releasing the defendant. On appeal, the plaintiff claims that summary judgment should not have been granted because there are factual issues as to whether the defendant obtained the release by fraud or misrepresentation.

Plaintiff's appeal is without merit for two reasons. First, the issue was not properly pleaded. The complaint does not allege that the release was obtained by fraud or misrepresentation; in fact, no mention is made of the release. The issue as to the validity of the release arose first in plaintiff's affidavit in opposition to the defendant's motion for summary judgment. Utah R.Civ.P. 9(b), requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The plaintiff has not alleged in the complaint the elements of fraud. *See, e.g., Taylor v. Gasor, Inc.,* Utah, 607 P.2d 293 (1980).

Second, the plaintiff's assertion of fraud or misrepresentation in her affidavit in opposition to summary judgment is legally insufficient. The affidavit states:

At no time was it ever stated to us that we were signing a release for anything other than the back wages. It was never stated or explained to us that the document presented to us was intended by the insurance company to be a full and complete statement of my claims against Becky Blackham, but was only to release a claim for what they were about to pay us. We were told that it was necessary to sign the document in order to get the money that day. At the time we were discouraged from thoroughly reading the document, and believed what was being represented to us about the effect of the release, which was that it just released them from any further liability for the wages that they were paying.... We believe that the release was obtained by misrepresentations as to its effect, and that the insurance company should not be allowed to take advantage of us the way that they did. We thought that we were only releasing them as to the back wages only.

The release signed by the plaintiff and referred to in her affidavit is clear and understandable. It is only one-half page long. It states that the plaintiff discharged the defendant from all claims of damages "which have resulted or may in the future develop" from the accident. The second paragraph of the release states:

Undersigned hereby declares that the terms of the settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

The release also contains a provision which was handwritten by the insurance adjuster and favors the plaintiff. "We agree to reimburse Bear River Mutual all no-fault benefits paid and leave medical expenses open for six months." This specific exception to the general terms of the release indicates that plaintiff's attention was drawn to the specific terms of the release. Therefore, not only was she chargeable with knowledge of the terms of the release under the circumstances, but she also must have had actual knowledge of its terms.

Summary judgment is appropriate if the pleadings, affidavits, and other submissions of the parties show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Utah R.Civ.P.; *Bowen v. Riverton City,* Utah, 656 P.2d 434 (1982); *Massey v. Utah Power and Light,* Utah, 609 P.2d 937 (1980).

An affidavit in opposition to a motion for summary judgment must set forth facts that would be admissible in evidence. Utah R.Civ.P. 56(e). In *Rainford v. Rytting,* 22 Utah 2d 252, 451 P.2d 769 (1969), this Court affirmed a summary judgment because appellant's affidavit "consisted entirely of inadmissible parol evidence, submitted for the purpose of varying and adding to the terms of the written agreement of the parties." *Id.* 451 P.2d at 771. In the present case, the plaintiff's statements in her affidavit are largely conclusory in form, did not state with specificity what words were spoken by defendant (as opposed to her own conclusions), and therefore would not be admissible in evidence and may not be considered on summary judgment under Rule 56(e). *Rainford v. Rytting, supra.*

Although the facts and the inferences from the facts properly before the court are to be construed in favor of the opponent on a motion of summary judgment, the mere existence of issues of fact does not preclude summary judgment. The issues of fact must be material to the applicable rule of law. *Horgan v. Industrial Design Corp.,* Utah, 657 P.2d 751 (1982); *Heglar Ranch, Inc. v. Stillman,* Utah, 619 P.2d 1390 (1980). The plaintiff's affidavit does not raise any factual issue as to the validity of the release.

Affirmed. Costs to respondent.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.