**U–HAUL INTERNATIONAL, INC., Plaintiff,**

**v.**

**WHENU.COM, INC., et al., Defendants.**

**No. CIV.A. 02–1469–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 5, 2003.

Jeffrey Hamilton Geiger, Sands, Anderson, Marks & Miller, PC, Richmond, VA, for Plaintiff.

Avi Samuel Garbow, Hale & Dorr, LLP, Washington, DC, for Defendants.

## MEMORANDUM ORDER

LEE, District Judge.

THIS MATTER is before the Court on the Plaintiff U–Haul International, Inc.'s, ("U–Haul") and the Defendants WhenU. com, Inc.'s, ("WhenU") and Avi Naider's motions for summary judgment on all remaining counts of the First Amended Complaint: Counts I, II, III, IV, and V. This case involves pop-up advertising and Plaintiff U–Haul's claim that Defendant WhenU's pop-up advertising infringes upon U–Haul's trademark, constitutes copyright infringement, and amounts to unfair competition. U–Haul complains that WhenU's pop-up advertisements, which crowd the computer user's screen and block out U–Haul's website display, in effect, infringe on U–Haul's registered trademark and alter U–Haul's copyrighted advertisements. The issue presented is whether WhenU's computer software, which presents pop-up advertising when the individual computer user searches for

goods and services on the Internet, is a form of trademark or copyright infringement or unfair competition. Because the computer software at issue does not copy or use U–Haul's trademark or copyright material the Court concludes that WhenU's pop-up advertising does not constitute trademark or copyright infringement or unfair competition; therefore, the Court grants WhenU's motion for summary judgment.

The Court acknowledges that this case is an attempt by a trademark owner and copyright holder to limit annoying pop-up advertising from blotting out its website on the individual computer user's screen. The average computer user who conducts a web search for the U–Haul website would expect the U–Haul website to appear on their computer screen; however, in this case, the computer screen fills with the advertisement of a U–Haul competitor. The user must then click and close the pop-up advertisement window in order to get to their destination, the U–Haul website. While at first blush this detour in the user's web search seems like a siphon-off of a business opportunity, the fact is that the computer user consented to this detour when the user downloaded WhenU's computer software from the Internet. In other words, the user deliberately or unwittingly downloaded the pop-up advertisement software. The foregoing explanation makes it clear that under the circumstances, while pop-up advertising may crowd out the U–Haul's advertisement screen through a separate window, this act is not trademark or copyright infringement, or unfair competition.

Computer users, like this trial judge, may wonder what we have done to warrant the punishment of seizure of our computer screens by pop-up advertisements for secret web cameras, insurance, travel values, and fad diets. Did we unwittingly sign up for incessant advertisements that require us to click, click, and click again in order to return to our Internet work? The Court, in this opinion, attempts to answer this question; we have invited these pop-up advertisements by downloading free screen savers and other free software from the Internet.

Despite U–Haul's plea, the Court, upon review of the applicable law, concludes that, while pop-up advertisements seize the user's computer screen with a window of advertisement, blocking out the object of your search and your document, requiring you to click several times to clear your computer screen, these advertisements do not consist trademark or copyright infringement, or unfair competition. WhenU's pop-up advertisement software resides in individual computers as a result of the invitation and consent of the individual computer user, and, thus, the advertisements do not use, alter or interfere with U–Haul's trademarks and copyrights. Alas, we computer users must endure pop-up advertising along with her ugly brother unsolicited bulk email, "spam", as a burden of using the Internet.

## I. BACKGROUND

WhenU.com, Inc., and Avi Naider (collectively "WhenU") distribute a downloadable software program called "SaveNow" that is generally bundled for distribution with other software programs. (Answer ¶ 27.) For example, the pop-up advertisement software is found in many web-based "free" screensaver programs downloaded by individual computer users. Once a user accepts the license agreement, the SaveNow software is delivered and installed on the user's computer. Using a directory of commonly used search phrases, commonly visited web addresses, and various keyword algorithms, the SaveNow program scans the user's Internet activity to determine whether any of the terms, web ad-

dresses, or content match the information in the directory. If the program finds a match, it identifies an associated product or service category. The SaveNow program then determines whether the user's computer should receive a pop-up advertisement that is selected at random from WhenU's clients which match the category of the user's activity. The program will then display a pop-up advertisement on the user's computer screen; this pop-up ad will generally appear in front of all the windows the user may have open at the time. Once the pop-up ad is displayed, the user must either move the mouse and click the ad closed or use the keystrokes "Alt–F4" to close the ad.

To maintain its business, WhenU sells advertising space and opportunities to merchants that want to take advantage of the SaveNow software. However, WhenU does not sell individual web addresses to its advertising clients and does not guarantee to any advertiser that its ad will be shown when a consumer visits a particular website.

On October 2, 2002, U–Haul filed a nine-count complaint alleging various violations under the Lanham Act, copyright infringement, misappropriation, interference with a prospective business advantage, unjust enrichment, and violations of the Virginia Conspiracy Act. On March 18, 2003, U–Haul amended the Complaint adding Conducive Corporation ("Conducive") as a defendant alleging that Conducive was an agent of WhenU and was therefore liable for the acts of its principal. On March 28, 2003, U–Haul and Defendants WhenU and Avi Naider filed motions for summary judgment. Thereafter, on June 6, U–Haul filed a motion to vacate the trial date and to have the matter resolved. through the parties' previously filed motions for summary judgment. On June 24, 2003, the Court entered an Order granting WhenU's and Avi Naider's motion for summary

judgment on Counts IV and vacating the trial date. This Memorandum Order addresses the parties' cross motions for summary judgment, the subsequent dismissal of all remaining counts, and the dismissal of Conducive Corporation from the case.

## II. DISCUSSION

The Defendants are entitled to summary judgment as to the trademark-related claims because Plaintiff are unable to establish how the Defendants' pop-up advertisements "used" Plaintiff's trademarks as their own in violation of the Lanham Act. Defendants are further entitled to summary judgment on the Plaintiff's claims of copyright violations because Plaintiff fails to demonstrate how the Defendants' pop-up advertisements impeded the Plaintiff's exclusive rights under the copyright laws. Furthermore, the Court dismisses all remaining counts (VI–IX) without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) contingent upon the condition that Plaintiff will be required to pay Defendants' legal fees for all four claims should Plaintiff re-file these four claims.

### A. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The mere existence

of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This standard of review sets forth the procedural framework for the Court's analysis; each subsection contains the rule of law that applies to each individual claim.

## B. Analysis

### 1. *Trademark Infringement, Unfair Competition, and Trademark Dilution*

■■ The Court grants Defendants' motion for summary judgment on Plaintiff's trademark claims because Plaintiff fails to show how a pop-up advertisement appearing in a separate window on an individual's computer obstructing U–Haul's advertisement is a "use" of U–Haul's trademarks in commerce. A plaintiff alleging causes of action for trademark infringement and unfair competition must prove "(1) that it possesses a mark, (2) that the defendant used the mark, (3) that the defendant's use of the mark occurred 'in commerce', (4) that the defendant used the mark 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services, and (5) that the defendant used the mark in a manner likely to confuse consumers." *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir.1995); 15 U.S.C. §§ 1114, 1125(a). A fundamental prerequisite for claims of trademark infringement pursuant to 15 U.S.C. § 1114 and of unfair competition pursuant to 15 U.S.C. § 1125(a) is proof that the defendant used one of the plaintiff's protected marks in commerce. *See* 263 F.3d at 364. A mark is "used in commerce" in connection with goods when the mark is "placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, . . . or on the documents associated with the goods or their sale." 15 U.S.C. § 1127. A mark is "used in commerce" in connection with services when the mark is "used or displayed in the sale or advertising of services and the services are rendered in commerce . . . ." *Id.*

U–Haul contends that the fact that WhenU's pop-up ads appear on the same screen as U–Haul's website and logo is enough to constitute a "use in commerce" under the Lanham Act. (Pl.'s Mem. Opp'n Summ. J. at 10.) U–Haul further argues that WhenU's use of U–Haul's trademark "U–Haul" as part of the process by which its pop-up advertisements are triggered constitutes "use in commerce." (*Id.* at 13.) U–Haul also contends that When–U's pop-up scheme interferes with the use of U–Haul's Web site by its customers and dealers. (*Id.* at 14.) As discussed below, however, WhenU's pop-up advertisements do not constitute "use in commerce" of U–Haul's trademarks for four reasons.

First, U–Haul relies on the premise that WhenU's pop-up ads are framed by the U–Haul website; in other words, the argument is that WhenU's ads appear as a single visual presentation as part of U–Haul's website. This position, however, is untenable. When a WhenU ad appears on a user's computer screen, it opens in a WhenU-branded window that is separate and distinct from the window in which the U–Haul website appears. (Naider Aff. ¶¶ 21–23.) It is important to note that in

the Microsoft Windows environment, each program that the user launches generally appears on a separate window on the user's computer screen. In addition, the computer user may have multiple windows open at once; and in many instances, a separate window may pop-up on the user's screen notifying the user of an event: incoming e-mail, completion of a task by the computer, an appointment, etc.

■ Second, "use" is not established merely because trademarks are simultaneously visible to a consumer. Such comparative advertising does not violate trademark law, even when the advertising makes use of a competitor's trademark. *Prestonettes Inc. v. Coty*, 264 U.S. 359, 44 S.Ct. 350, 68 L.Ed. 731 (1924). *See August Storck K.G. v. Nabisco, Inc.*, 59 F.3d 616, 618 (7th Cir.1995) ("A use of a rival's mark that does not engender confusion about origin or quality is permissible."); *Diversified Mktg., Inc. v. Estee Lauder, Inc.*, 705 F.Supp. 128, 132 (S.D.N.Y.1988) (finding the use of "If You Like ESTEE LAUDER ... You'll Love BEAUTY USA" on product's packaging and point of sale advertising to be lawful comparative advertising). Thus, the appearance of WhenU's ads on a user's computer screen at the same time as the U–Haul web page is a result of how applications operate in the Windows environment and does not consist "use" pursuant to the Lanham Act.

■ Third, WhenU's inclusion of the U–Haul uniform resource locator ("URL") and "U–Haul" in its directory incorporated into the SaveNow program does not constitute "use" under the Lanham Act. WhenU does not sell the U–Haul URL to its customers. Nor, does WhenU display the U–Haul URL or the words "U–Haul" to the computer user when the ad pops-up. U–Haul fails to adduce any evidence that WhenU uses U–Haul's trademarks to identify the source of its goods or services. WhenU does not place the U–Haul trade-

marks in commerce; the SaveNow program merely uses the U–Haul URL and "U–Haul" *See DaimlerChrysler AG v. Bloom*, 315 F.3d 932, 938–39 (8th Cir.2003) (holding that defendant's use and subsequent licensing of the toll-free number 1–800–MERCEDE(S) did not constitute trademark infringement because there was no evidence that the defendant advertised or promoted the telephone number); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 985 F.Supp. 949, 956 (C.D.Cal.1997) (finding that "[d]omain names, like trade names, do not act as trademarks when they are used to identify a business entity; in order to infringe they must be used to identify the source of goods or services" and "where ... the pure machine-linking function is the only use at issue, there is no trademark use and there can be no infringement."). Likewise in the instant case, WhenU's incorporation of U–Haul's URL and "U–Haul" in the SaveNow program is not a trademark use because WhenU merely uses the marks for the "pure machine-linking function" and in no way advertises or promotes U–Haul's web address or any other U–Haul trademark.

Fourth, WhenU's pop-up scheme does not interfere with the use of U–Haul's web site by its customers and dealers because the SaveNow program does not interact with U–Haul's computer servers or systems and the SaveNow program is a user-installed program where the user has made a conscious decision to install the program. U–Haul cites several cases for the proposition that interference with a Web page constitutes a use in commerce; however, Plaintiff's reliance on these cases is misplaced. The cases address situations where the defendants prevented or hindered Internet users from accessing plaintiffs' services. *See People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359 (4th Cir.2001) (finding that defendant had prevent users form downloading

or using PETA's good or services through cybersquatting on the domain name "www.peta.org"); *OBH, Inc. v. Spotlight Magazine, Inc.*, 86 F.Supp.2d 176 (W.D.N.Y. 2000) (holding that defendant's website was likely to prevent or hinder Internet users form accessing plaintiffs services on plaintiffs' own web site where defendant cybersquatted on the domain name "the-buffalonews.com").

In this instance, WhenU is not cybersquatting on U–Haul's trademark which serves as its domain name on the Internet. Nor, is a computer user taken to a WhenU website when the user searches for U–Haul's domain name. Furthermore, the SaveNow program does not hinder or impede Internet users from accessing U–Haul's web site in such a manner that WhenU "uses" U–Haul's trademarks. The SaveNow program resides within the user's computer and does not interact or communicate with U–Haul's website, its computer servers, or its computer systems. Further, the SaveNow program does not change the underlying appearance of the U–Haul website. In addition, the Save-Now program is installed by the computer user who can decline to accept the licensing agreement or decline to download the program. Thus, the user controls the computer display the moment the WhenU ad pops up, and the user may also have other programs with pop-up windows notifying the user of an event within the computer system. The SaveNow program is, therefore, no different than an e-mail system that pops a window up when the registered user receives a new e-mail message.

In sum, U-haul fails to establish that WhenU uses U–Haul's trademarks in commerce in violation of the Lanham Act because (1) WhenU's pop-up window is separate and distinct from U–Haul's web site, (2) WhenU does not advertise or promote U–Haul's trademarks through the use of U–Haul's URL or "U–Haul" in its Save-Now directory, and (3) the SaveNow program does not hinder or impede Internet users from accessing U–Haul's web site in such a manner that WhenU "uses" U–Haul's trademarks. Therefore, WhenU is entitled to summary judgment on U–Haul's claims of trademark infringement and unfair competition.

To prevail on a claim for trademark dilution, U–Haul must prove that (1) its marks are famous, (2) WhenU is making commercial use of the marks in commerce, (3) WhenU began use of the marks after U–Haul's marks became famous, and (4) WhenU's use of the U–Haul trademarks dilutes the distinctive quality of the marks. 15 U.S.C. § 1125(c)(1). For the reasons stated above, U–Haul is unable to show that WhenU was using U–Haul's marks as defined in the Lanham Act. Thus, WhenU is entitled to judgment as a matter of law on U–Haul's claim of trademark dilution.

2. *Copyright Infringement and Contributory Copyright Infringement*

 Because WhenU's pop-up advertising software does not copy U–Haul's work and a pop-up advertisement is not a derivative of a copyrighted work, the Court grants Defendants' motion for summary judgment as to Plaintiff's copyright claims. To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). The term "copying" is interpreted broadly and encompasses the infringing of any of the copyright owner's five exclusive rights. *See* Melville B. Nimmer & David Nimmer, 2 *Nimmer on Copyright* § 8.02[A] at 8–27 (2001). U–Haul contends that only two of the exclusive rights of a copyright owner at issue in this case: the exclusive right to

display and the exclusive right to prepare derivative works. (Pl.'s Mem. Supp. Summ. J. at 9.) Each claim is discussed in turn.

■ To "display" a work means "to show a copy of it, either directly or by means of film, slide, television image, or any other device or process or, in the case of a motion picture or other audiovisual work, to show individual images nonsequentially." 17 U.S.C. § 101. In order to infringe on U–Haul's right to "display", WhenU would have to show U–Haul's copyrighted works. U–Haul contends that the SaveNow program presents the user with an altered U–Haul Web page when an advertisement pops-up in front of the U–Haul Web page. However, U–Haul's argument is inapposite. First, the SaveNow does not alter U–Haul's Web page in any manner. As discussed previously, the SaveNow program displays the pop-up ad in a separate window from the U–Haul Web page. The SaveNow window has no physical relationship to the window in which the U–Haul Web page might appear. It is undisputed that the U–Haul window remains unaltered, even when it is behind the SaveNow window. This is no different that when a notice generated by the user's computer system pops-up in front of all of the windows the user may have open at the time; e.g., incoming e-mail. Ultimately, it is the computer user who controls how windows are displayed on the computer desktop.

Second, WhenU does not show users the U–Haul website through its SaveNow program. The user is the one who calls up the U–Haul website, not the SaveNow program. The SaveNow program merely interacts with the user's computer to assess whether an advertisement is appropriate. Further, WhenU shows the computer its own advertisements, not U–Haul's copyrighted material.

U–Haul further contends that *New York Times Co. v. Tasini,* 533 U.S. 483, 499, 121 S.Ct. 2381, 150 L.Ed.2d 500 (2001), supports its contention that its copyrighted work is displayed to the user in a manner different that intended by the copyright owner. However, U–Haul's reliance on *Tasini* is misplaced. In *Tasini,* the Supreme Court held that the reproduction of articles from newspapers in electronic databases, such as LEXIS/NEXIS, violated the rights of the authors. In *Tasini,* the owners of the electronic databases actually reproduced the authors' works; however, in this case, WhenU does not reproduce any of U–Haul's copyrighted material in its pop-up ads. Thus, *Tasini* is irrelevant to the facts at issue in this case, as the Court has concluded that WhenU has not displayed any of U–Haul's copyrighted material through its pop-up ads.

■ U–Haul also maintains that, by modifying the U–Haul web site, WhenU creates derivative works under the Copyright Act, 17 U.S.C. § 101. (Pl.'s Mem. Supp. Summ. J. at 11.) A "derivative work" is a work "based upon one or more pre-existing works" which consists of "editorial revisions, annotation, elaborations, or other modifications." 17 U.S.C. § 101. U–Haul contends that WhenU has added promotional messages to its copyrighted Web pages, much like the defendant in *National Bank of Commerce v. Shaklee Corp.* added promotional messages to copyrighted pages of plaintiff's book. 503 F.Supp. 533, 544 (W.D.Tex.1980). U–Haul's argument rests on the premise that the SaveNow software retrieves the U–Haul Web page, places its own advertisement on that Web page, and displays it to the user. Furthermore, once the user closes the pop-up advertisement, U–Haul implies, the SaveNow software then causes the U–Haul Web page to be displayed to the user without the pop-up ad. U–Haul's

argument is both contrary to the law and the undisputed facts.

■ First, "[i]n order for a work to qualify as a derivative work it must be independently copyrightable." *Woods v. Bourne,* 60 F.3d 978, 990 (2d Cir.1995). *See Lewis Galoob Toys, Inc. v. Nintendo of America, Inc.,* 964 F.2d 965, 967–69 (9th Cir.1992) ("A derivative work must incorporate a protected work in some concrete or permanent form."). The WhenU window is a distinct occurrence from the U–Haul Web page. Also, the appearance of a WhenU advertisement on the user's computer screen at the same time as a U–Haul web page is a transitory occurrence that may not be exactly duplicated in that or another user's computer.

Second, the Windows environment permits a user to open multiple applications and windows at the same time, with the different windows overlapping one another. WhenU's ad is merely another window on the user's computer desktop. The pop-up ad may modify the user's computer display; however, this modification does not consist copyright infringement. To conclude otherwise is untenable in light of the fact that the user is the one who controls how items are displayed on the computer, and computer users would infringe copyrighted works any time they opened a window in front of a copyrighted Web page that is simultaneously open in a separate window on their computer screens. This conclusion is contrary to both law and fact. *See Annie Lee v. A.R.T. Co.,* 125 F.3d 580, 582 (7th Cir. 1997) (stating that if mounting artwork constituted the unauthorized creation of a derivative work, the court would be making criminals out of art collectors). Thus, the Court concludes that WhenU does not create derivative works through its pop-up ad scheme. Therefore, WhenU is entitled to summary judgment on U–Haul's claim of copyright infringement.

■ To make a prima facie case for contributory copyright infringement there must actually be direct infringement. *See Matthew Bender & Co. v. West Publ'g Co.,* 158 F.3d 693, 706 (2d Cir.1998). Finding that U–Haul's claim of copyright infringement fails, the Court concludes that U–Haul's claim for contributory copyright infringement fails for the same reasons.

### III. CONCLUSION

On March 18, 2003, U–Haul amended its Complaint adding Conducive Corporation ("Conducive") as a defendant alleging that Conducive was an agent of WhenU and was therefore liable for the acts of its principal. Conducive's liability hinges on WhenU's liability to U–Haul. Having concluded that WhenU is entitled to judgment on U–Haul's claims of trademark infringement, unfair competition, trademark dilution, copyright infringement, and contributory copyright infringement, the Court concludes that Conducive is not liable to U–Haul for the acts of WhenU. The Court, therefore, dismisses Conducive as a defendant in this case.

On June 6, U–Haul filed a motion to vacate the trial date and to have the matter resolved through the parties' previously filed motions for summary judgment. For the reasons stated herein, the Court grants summary judgment as to Counts I–V in favor of Defendants WhenU.com, Inc., and Avi Naider. The Court also dismisses the remaining counts in the First Amended Complaint: Counts VI–IX. It is hereby

ORDERED that Plaintiff U–Haul International, Inc.'s, Motion for Summary Judgment is DENIED. It is further

ORDERED that Defendants WhenU.com, Inc., and Avi Naider's Motion for Summary Judgment is GRANTED. It is further

ORDERED that Counts VI, VII, VIII, and IX of the First Amended Complaint are DISMISSED WITHOUT PREJUDICE. Dismissal is without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) contingent upon the condition that Plaintiff will be required to pay Defendants' legal fees for all four claims should Plaintiff re-file these four claims.

The Clerk is directed to forward a copy of this Order to counsel.