2008 UT 55

**OVERSTOCK.COM, INC., a Delaware corporation, Plaintiff, Appellant, and Cross–Appellee,**

v.

**SMARTBARGAINS, INC., a Delaware corporation, Defendant, Appellee, and Cross–Appellant.**

No. 20061149.

Supreme Court of Utah.

Aug. 19, 2008.

John P. Ashton, Stephen K. Christiansen, Nicole M. Deforge, Salt Lake City, for plaintiff.

David Jordan, David L. Mortensen, Salt Lake City, for defendant.

DURHAM, Chief Justice:

## INTRODUCTION

¶ 1 This case comes before us on appeal from the Third District Court. Plaintiff Overstock.com, Inc., (Overstock) appeals (1) the district court's grant of summary judgment to defendant SmartBargains, Inc. (SmartBargains) holding that SmartBargains' use of Internet pop-up advertisements (pop-ups)[1] is not unfair competition and is not tortious interference with Overstock's prospective business relations, and (2) the district court's denial of Overstock's rule 56(f) motion for additional discovery. Because we conclude that (1) there are no material facts in dispute in this case that would require a trial on the merits, and (2) the district court did not abuse its discretion in denying Overstock's Rule 56(f) motion, we affirm.

## BACKGROUND

¶ 2 Overstock is a company that sells brand-name consumer products through its Internet website at http://www.overstock. com. SmartBargains is a company that also sells consumer products through its Internet website at http://www.smartbargains.com. On May 7, 2004, Overstock filed a complaint against SmartBargains. Overstock complained that pop-ups advertising SmartBargains unlawfully appeared when customers accessed Overstock's website and that these pop-ups were intended to and did confuse and deceive customers, trade upon Overstock's goodwill, blur Overstock's trade-marks, dilute Overstock's trademarks' ability to identify Overstock as the source of goods and services, erode the attractiveness of shopping on Overstock's website, disrupt Overstock's efforts to create a user-friendly site, and steal customers from Overstock. Overstock alleged three causes of action: (1) violation of the 2004 Utah Spyware Regulation Act, (2) common law unfair competition, and (3) tortious interference with prospective economic advantage.

## I. SUMMARY JUDGMENT MOTION

¶ 3 SmartBargains filed a motion for judgment on the pleadings on August 17, 2004, which was denied on January 27, 2005. SmartBargains filed a motion to reconsider the court's denial on February 25, 2005, which was denied on February 15, 2006.[2] On March 31, 2006, SmartBargains filed a motion for summary judgment. This motion was granted on December 5, 2006.

¶ 4 In its ruling on the motion for summary judgment, the district court determined that the Utah Spyware Control Act, as adopted by the 2004 legislature and codified at Utah Code sections 13–40–101 to –401 (Supp.2004), was an unconstitutional burden on interstate commerce that violated the Dormant Commerce Clause.[3] The Utah Spyware Control Act made it illegal for SmartBargains' pop-ups to appear when customers visited the Overstock website. The Utah Spyware Control Act provided:

(1) A person may not:

1. A pop-up is "an online advertisement that is displayed in a new browser window." *Riddle v. Celebrity Cruises, Inc.,* 2004 UT App 487, ¶ 2.1, 105 P.3d 970 (internal quotation marks omitted).

2. The eleven-month period from the time when SmartBargains filed its motion to reconsider to when the court denied such motion appears to have been caused by a variety of factors, including Overstock's supplemental memorandum questioning the court's jurisdiction to reconsider the motion, the reassignment of the case to several different judges, and the parties' stipulations to extend the time for filing responses.

3. The first version of the Utah Spyware Control Act was signed by the Governor on March 23, 2004, and scheduled to go into effect on May 2, 2004. Before the Act went into effect, on April 12, 2004, a company called WhenU.com challenged the constitutionality of the Act. On July 8, 2004, the court in the WhenU case granted a preliminary injunction, finding "[d]efendants, their officers, agents, employees, and attorneys, together with all persons in active concert or participation with them, are hereby enjoined and restrained during the pendency of this action, from enforcing or placing into effect the Utah Spyware Control Act ... which was enacted as House Bill No. 323 in the 2004 General Session of the Utah Legislature...." Preliminary Injunction at 2–3, *WhenU.com, Inc. v. Utah,* No. 040907578 (Utah 3d Dist. July 8, 2004). After the State's motion for reconsideration of the preliminary injunction was denied, both parties abandoned the litigation, and the State adopted a new Utah Spyware Control Act. *Compare* Utah Code Ann. § 13–40–101 to 401 (Supp.2004), *with* Utah Code Ann. § 13–40–101 to 401 (2005).

(a) install spyware on another person's computer;

(b) cause spyware to be installed on another person's computer; or

(c) use a context based triggering mechanism to display an advertisement that partially or wholly covers or obscures paid advertising or other content on an Internet website in a way that interferes with a user's ability to view the Internet website.

Utah Code Ann. § 13–40–201(4) (Supp.2004). In the statute, spyware is defined to include "software residing on a computer that ... displays or causes to be displayed an advertisement in response to the computer's usage if the advertisement ... uses a federally registered trademark as a trigger for the display of the advertisement." Utah Code Ann. § 13–40–102(4). Overstock does not appeal the district court's decision that the Act was unconstitutional.

¶ 5 The court also determined that the pop-ups did not constitute common law unfair competition. The court held that SmartBargains' pop-ups appear in separate and distinct windows from Overstock's website, bear SmartBargains' name, and are not labeled as being affiliated with Overstock's website. The court determined that "as other courts have recognized, computer users are not confused by pop-up advertisements that appear in a window that is separate and distinct from the underlying website. Accordingly, the advertisements do not deceive customers as to their source as a matter of law." The court further determined that "Overstock has presented no evidence that SmartBargains has used Overstock's trademarks to lure away customers. Thus, SmartBargains' pop-up advertisements do not create initial interest confusion with Overstock's website, goods, or services."

¶ 6 The court concluded that the pop-ups did not constitute tortious interference with Overstock's existing or prospective economic relations because the pop-ups were not deceptive, confusing, or misleading, nor was their purpose to deceive customers. Rather, the court held that Overstock and SmartBargains are competitors and that the purpose of the pop-ups was to compete for customers.

¶ 7 Overstock appeals the summary judgment ruling with respect to both the claim for relief for unfair competition and the claim for relief for tortious interference with existing or prospective economic relations.

## II. RULE 56(f) MOTION

¶ 8 Although SmartBargains' dispositive motions were pending for a significant portion of the district court's proceedings, the parties still exchanged discovery. On January 27, 2005, the court signed the parties' stipulated discovery schedule.[4] On February 11, 2005, Overstock provided its initial disclosures to SmartBargains, and on February 15, 2005, SmartBargains provided its initial disclosures to Overstock. On January 7, 2005, Overstock served its first set of interrogatories, requests for admissions, and requests for production of documents on SmartBargains. SmartBargains responded to these discovery requests on March 1, 2005,[5] and supplemented its responses on August 25, 2005. SmartBargains served its first set of discovery on Overstock on September 22, 2005, to which Overstock responded on May 11, 2006.[6] Neither party filed more than one set of discovery requests.

¶ 9 Overstock opposed SmartBargains' motion for summary judgment and also filed a rule 56(f) motion and memorandum in support. The rule 56(f) motion and memorandum in support claimed that although SmartBargains had responded to Overstock's discovery requests, SmartBargains designated much of the information it provided as "attorneys eyes only" and barred

---

4. The stipulated discovery schedule was amended on November 29, 2005, and on June 9, 2006. The parties stipulated to amend it again if necessary after the motion for summary judgment was decided.

5. Earlier, on February 25, 2005, SmartBargains filed a motion for a protective order requesting postponing discovery until after SmartBargains'

motion for reconsideration was resolved. The court denied this motion for a protective order on July 13, 2005.

6. Overstock responded to SmartBargains' discovery requests one day after Overstock filed its rule 56(f) motion and its opposition to SmartBargains' summary judgment motion.

Overstock's attorneys from revealing the information to their client. Further, Overstock argued that summary judgment was premature because depositions had not been taken, no documents had been produced, and no testimony had been received. In its moving papers, Overstock did not identify what discovery it needed to oppose the summary judgment motion. After SmartBargains pointed out deficiencies in Overstock's moving papers, Overstock identified the discovery it needed in Overstock's reply memorandum and accompanying affidavit. In its affidavit and reply memorandum, Overstock argued that it needed to know: when, if ever, SmartBargains' pop-ups were delivered to a computer user on Overstock's webpage; various types of pop-ups and examples of pop-ups; the total number of pop-ups placed by third parties; the pop-ups and compensation paid to vendors for the pop-ups; the number of pop-ups placed; the number of Internet users accessing pop-ups; the sales associated with the pop-ups; whether SmartBargains intentionally directed advertising to Overstock's website and targeted Overstock's customers, the context of such advertising, and the extent of such advertising; an explanation of part of SmartBargains' responses to Overstock's discovery requests; the specific type of pop-ups utilized; and the websites targeted.

¶ 10 The district court heard oral argument on Overstock's rule 56(f) motion. During oral argument, counsel for Overstock admitted that Overstock had not requested additional discovery or filed a motion to compel discovery from Smart-Bargains because Overstock was waiting for the district court's determination of the constitutionality of the Utah Spyware Control Act. Overstock's counsel stated, "And so, as a practical matter, I have not pushed the discovery because, if the Utah statute is constitutional, if the Utah statute is enforced here, it's a very different process of discovery than it would be if we're dealing with the common law claims." During oral argument, the district court denied Overstock's rule 56(f) motion.

¶ 11 Overstock appeals the denial of its rule 56(f) motion. We have jurisdiction pursuant to Utah Code section 78A–3–102(3)(j) (2008).

## ANALYSIS

### I. SUMMARY JUDGMENT

¶ 12 We review the district court's grant of a motion for summary judgment for correctness. *See Waddoups v. Amalgamated Sugar Co.*, 2002 UT 69, ¶ 21, 54 P.3d 1054. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). Although we consider the facts in the light most favorable to the nonmoving party, to defeat a motion for summary judgment, any alleged issue of fact must be material. *See Norton v. Blackham*, 669 P.2d 857, 859 (Utah 1983); *see also Brigham Truck & Implement Co. v. Fridal*, 746 P.2d 1171, 1173 (Utah 1987) ("[B]are contentions, unsupported by any specifications of facts in support thereof, raise no material questions of fact."); *Reagan Outdoor Adver., Inc. v. Lundgren*, 692 P.2d 776, 779 (Utah 1984) ("A major purpose of summary judgment is to avoid unnecessary trial by allowing the parties to pierce the pleadings to determine whether there is a genuine issue to present to the fact finder. In accordance with this purpose, specific facts are required to show whether there is a genuine issue for trial. The allegations of a pleading or factual conclusions of an affidavit are insufficient to raise a genuine issue of fact." (citations omitted)).

### A. Unfair Competition

¶ 13 Pursuant to Utah common law, unfair competition includes—but is not limited to—passing off, palming off, imitating, and causing or likely causing confusion or deception. *See Allen's Prods. Co. v. Glover*, 18 Utah 2d 9, 414 P.2d 93 (1966); *Budget Sys., Inc. v. Budget Loan and Fin. Plan*, 12 Utah 2d 18, 361 P.2d 512 (1961); *Hi–Land Dairyman's Ass'n. v. Cloverleaf Dairy*, 107

Utah 68, 151 P.2d 710 (1944); *Beard v. Bd. of Educ.*, 81 Utah 51, 16 P.2d 900 (1932); *Rocky Mountain Bell Tel. Co. v. Utah Indep. Tel. Co.*, 31 Utah 377, 88 P. 26 (1906). In *Rocky Mountain*, we declared:

Unfair competition as we understand it, consists in one person imitating by some device or designation the wares made and sold by another for the purpose of palming off or substituting his wares for those of the other, and in that way misleading the purchaser by inducing him to buy the wares made and sold by the first instead of those by the second.

88 P. at 28; *see also Beard*, 16 P.2d at 902 ("Unfair competition consists in passing off or attempting to pass off, upon the public, the goods or business of one person as and for the goods or business of another." (citations omitted)). We have also declared, "It is enough if it be shown that there is the probability of confusion or deception." *Hi–Land Dairyman's Ass'n.*, 151 P.2d at 717.

¶ 14 In granting summary judgment, the district court relied on the absence of evidence of consumer confusion, passing off, or deception, and the nature of pop-ups, in finding that there was no unfair competition. With regard to the nature of the pop-ups, in its summary judgment grant, the district court found that SmartBargains' pop-ups appear in separate and distinct windows from Overstock's website, bear SmartBargains' name, and are not labeled as being affiliated with Overstock's website.[7] The district court used the analysis contained in federal cases (the *"WhenU cases"*)[8] to grant summary judgment in favor of SmartBargains that "computer users are not confused by pop-up advertisements that appear in a window that is separate and distinct from the underlying website. Accordingly, the advertisements do not deceive customers as to their source as a matter of law."

¶ 15 We do not adopt a per se rule holding that all pop-ups do not violate Utah unfair competition law. The WhenU cases are of limited value in our analysis because they interpret federal laws, including the Lanham Act, trademark statutes, and copyright statutes. For example, in *Wells Fargo v. WhenU. com, Inc.*, plaintiffs sought a preliminary injunction arguing that WhenU's pop-ups violate federal trademark or copyright law. 293 F.Supp.2d 734, 736 (E.D.Mich.2003). In *U–Haul Int'l, Inc. v. WhenU.com, Inc.*, the court determined that the WhenU pop-ups did not infringe on U–Haul's registered trademark or alter U–Haul's copyrighted advertisements, and therefore did not violate the Lanham Act or the trademark infringement statute. 279 F.Supp.2d 723, 725, 727 (E.D.Va.2003) ("Because the computer software at issue does not copy or use U–Haul's trademark or copyright material the Court concludes that WhenU's pop-up advertising does not constitute trademark or copyright infringement or unfair competition; therefore, the Court grants WhenU's motion for summary judgment."). *1–800 Contacts, Inc. v. WhenU.com, Inc.* addressed "whether the placement of pop-up ads on a [computer user's] screen contemporaneously with either the 1–800 website or a list of search results obtained by the [computer user's] input of the 1–800 website address constitutes 'use' under the Lanham Act." 414 F.3d 400, 409–10 (2d Cir.2005). None of these WhenU cases addresses common law claims for unfair competition.

¶ 16 We agree with the district court that in this case Overstock failed to show that SmartBargains' pop-ups, labeled with the SmartBargains' logo and appearing in a separate window on top of Overstock's website, are deceptive, infringe a trademark, pass off SmartBargains' goods as those of Overstock's goods, or are likely to cause con-

7. Overstock effectively demonstrated to the district court and this court that not all of Smart-Bargains' pop-ups contained a disclaimer. However, the district court did not rely on the presence of a disclaimer in declaring that the pop-ups did not constitute unfair competition.

8. *See, e.g., 1–800 Contacts, Inc. v. WhenU.com, Inc.*, 414 F.3d 400 (2d Cir.2005) (reversing district court's issuance of a preliminary injunction

to enjoin company from placing pop-ups over websites); *Wells Fargo v. WhenU.com, Inc.*, 293 F.Supp.2d 734 (E.D.Mich.2003) (refusing to grant preliminary injunction against company's pop-ups); *U–Haul Int'l, Inc. v. WhenU.com, Inc.*, 279 F.Supp.2d 723 (E.D.Va.2003) (granting summary judgment in favor of company supplying pop-ups).

fusion. A party disputing a summary judgment motion has the burden of disputing the motion with material facts. *See Norton*, 669 P.2d at 859.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Utah R. Civ. P. 56(e). "An affidavit that merely reflects the affiant's unsubstantiated opinions and conclusions is insufficient to create a genuine issue of fact." *Dairy Prod. Servs., Inc. v. City of Wellsville*, 2000 UT 81, ¶ 54, 13 P.3d 581. "[A]n affidavit on information and belief is insufficient to provoke a genuine issue of fact." *Treloggan v. Treloggan*, 699 P.2d 747, 748 (Utah 1985). In its affidavit to oppose summary judgment, Overstock failed to provide evidence of any material fact that was based upon more than unsubstantiated opinions and conclusions. Overstock had the capability to conduct its own investigation into the types of pop-ups that affected Overstock's website and the customers it lost due to SmartBargains' pop-ups. Overstock could have conducted surveys of its customers and presented the district court with evidence that consumers were confused by SmartBargains' pop-ups. Such survey evidence was performed in the WhenU cases. *See Wells Fargo*, 293 F.Supp.2d at 755 ("[P]laintiffs have failed to come forward with concrete evidence of even a single customer or potential customer who failed to purchase products or services from them because of WhenU."); *1–800 Contacts, Inc. v. WhenU.com*, 309 F.Supp.2d 467, 499 (S.D.N.Y.2003) ("Proof of actual confusion, in the form of market research survey evidence, is highly probative of the likelihood of consumer confusion, subject to the condition that the survey must have been fairly prepared and its results directed to the relevant issues." (internal quotation marks and ellipsis omitted)) *rev'd*, 414 F.3d 400 (2d Cir.2005). Absent such evidence, the court is entitled to assume that pop-ups appearing in a separate window and labeled with the sponsor's name are not unfairly competitive.

¶ 17 Overstock has failed to demonstrate "specific facts" beyond the allegations of the pleadings "to show whether there is a genuine issue for trial" that SmartBargains unfairly competed with Overstock through the use of its pop-ups. *See Reagan Outdoor Adver.*, 692 P.2d at 779. We therefore affirm the district court's grant of SmartBargains' motion for summary judgment for unfair competition.

### B. Tortious Interference with Prospective Business Relations

¶ 18 In *Leigh Furniture & Carpet Co. v. Isom*, this court recognized a "common-law cause of action for intentional interference with prospective economic relations." 657 P.2d 293, 304 (Utah 1982). "[I]n order to recover damages, the plaintiff must prove (1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) for an improper purpose or by improper means, (3) causing injury to the plaintiff." *Id.* "Improper purpose is established by a showing that the actor's predominant purpose was to injure the plaintiff." *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 201 (Utah 1991).

> Improper means are present where the means used to interfere with a party's economic relations are contrary to law, such as violations of statutes, regulations, or recognized common law rules. Improper means include violence, threats or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood. Means may also be improper or wrongful because they violate an established standard of a trade or profession.

*Id.* (internal quotation marks and citations omitted).

¶ 19 As in *St. Benedict's*, Overstock has failed to present a material fact that would satisfy the second prong of the *Leigh* test. *See St. Benedict's*, 811 P.2d at 201 (citing *Leigh Furniture*, 657 P.2d at 304). SmartBargains' pop-ups do not present an improper purpose or an improper means. SmartBargains' pop-ups indisputably exist to compete with Overstock. Competition is

not an improper purpose, even though other by-products of competition may exist. *See Leigh Furniture*, 657 P.2d at 307 ("In the rough and tumble of the marketplace, competitors inevitably damage one another in the struggle for personal advantage. The law offers no remedy for those damages— even if intentional—because they are an inevitable by-product of competition."); *see also St. Benedict's*, 811 P.2d at 201 ("An immediate intent to injure a competitor may be motivated and outweighed by a legitimate long-range interest in furthering one's own economic condition."); *Beard v. Bd. of Educ.*, 16 P.2d at 902 ("The intent of a party to draw custom from a competitor is not actionable unless his acts are unlawful."). Overstock has likewise failed to demonstrate that pop-ups are an improper means of competition. *See St. Benedict's*, 811 P.2d at 201 ("Improper means are present where the means ... are contrary to law...." (internal quotation marks omitted)). Overstock has failed to present evidence that the pop-ups violate common law. Overstock has not alleged in this appeal that SmartBargains' pop-ups violate statutory law. We therefore affirm the district court's grant of SmartBargains' motion for summary judgment for tortious interference.

## II. RULE 56(f)

¶ 20 We review the denial of a rule 56(f) motion for an abuse of discretion. *See Crossland Sav. v. Hatch*, 877 P.2d 1241, 1243 (Utah 1994). We will not reverse the district court's decision to grant or deny a rule 56(f) motion for discovery unless it "exceeds the limits of reasonability." *Id.* (internal quotation marks omitted); *see also Price Dev. Co. v. Orem City*, 2000 UT 26, ¶ 9, 995 P.2d 1237.

¶ 21 The "limits of reasonability" standard is based on the specific circumstances of each case—there is not a "bright line" test for determining whether the district court abused its discretion. *See Crossland*, 877 P.2d at 1243–44. Some of the relevant factors in determining whether a rule 56(f) motion is warranted include, but are not limited to: (1) an examination of the party's rule 56(f) affidavit to determine whether the discovery sought will uncover disputed material facts that will prevent the grant of summary judgment or if the party requesting discovery is simply on a "fishing expedition," (2) whether the party opposing the summary judgment motion has had adequate time to conduct discovery and has been conscientious in pursuing such discovery, and (3) the diligence of the party moving for summary judgment in responding to the discovery requests provided by the party opposing summary judgment. *See Callioux v. Progressive Ins. Co.*, 745 P.2d 838, 841 (Utah Ct.App.1987) (*citing Cox v. Winters*, 678 P.2d 311, 312–14 (Utah 1984)).

¶ 22 In *Crossland Savings*, the plaintiff sued the defendant for failure to pay a debt. 877 P.2d at 1242. Four months after filing the complaint, the plaintiff moved for summary judgment. *Id.* The defendant opposed the motion by filing a rule 56(f) motion, memorandum in support, and an affidavit. *Id.* The defendant argued: (1) he needed time to understand the inconsistencies between the amount he allegedly owed as represented in the plaintiff's complaint and the amount he allegedly owed as represented in the plaintiff's motion for summary judgment, (2) the plaintiff was "abusing the summary judgment process," (3) the defendant was entitled to confirm the plaintiff's sources to determine the accuracy of the amount the defendant owed, (4) one of the affidavits supporting the motion for summary judgment did not provide enough detail, and (5) the related bankruptcy proceedings initiated by the defendant had prevented him from pursuing discovery in the case. *Id.*

¶ 23 The district court denied the defendant's rule 56(f) motion. *Id.* at 1243. In affirming the district court's denial of the rule 56(f) motion, this court considered the "individual circumstances of [the] case." *Id.* at 1244. This court found that the district court could have reasonably concluded that the defendant was dilatory in failing to initiate or pursue discovery, and although four months was a relatively short period of time, the case was simple enough that the defendant should have conducted discovery. *Id.* at 1243–44. More importantly, the defendant had failed to identify any facts that he could

discover that would preclude the court from granting summary judgment. *Id.* at 1244. This court noted that the defendant had access to relevant discovery, including material in his possession and information in the public record, and had sufficient resources to determine if any material facts existed that were in dispute and would preclude summary judgment. *Id.* The defendant had a duty to seek out and alert the district court to such issues of material fact. *Id.* His failure to identify any discovery that would preclude the grant of summary judgment made his rule 56(f) motion futile. *Id.*

¶ 24 In this case, Overstock also has failed to identify in its rule 56(f) motion or its opposition to SmartBargains' motion for summary judgment any discovery that would create a material issue of fact which would preclude the granting of a summary judgment motion. Overstock had a period of two years to conduct discovery. During this time, Overstock sent only one set of discovery requests to SmartBargains. In addition, Overstock was capable of accessing public records and compiling survey evidence to present to the court. Overstock conducted very little discovery. During the summary judgment hearing, when the district court questioned Overstock about its pursuit of discovery, Overstock responded, "[A]s a practical matter, I have not pushed the discovery because, if the Utah statute is constitutional, if the Utah statute is enforced here, it's a very different process of discovery than it would be if we're dealing with the common law claims."

¶ 25 At the time of summary judgment, Overstock planned on receiving the generous recovery that the 2004 Utah Spyware Control Act's statutory damages would provide. Overstock admittedly did not pursue discovery relevant to its common law claims of unfair competition and tortious interference because it made a calculated decision to pursue the now-defunct statutory claims.

¶ 26 The more fundamental problem with Overstock's rule 56(f) motion is that it failed to identify any discovery requests that, if answered, would affect the outcome of the summary judgment motion. All of the discovery Overstock identified in its rule 56(f)

motion either related to damages in lost profits or to the nature of the pop-ups delivered. None of the discovery could shed light on whether SmartBargains' pop-ups are unfairly competitive or tortiously interfere with Overstock's business relations. *See Washingtonpost.Newsweek Interactive Co. v. The Gator Corp.*, Civ. No. 02–909–A, 2002 WL 31319973, at *1, 2002 U.S. Dist. LEXIS 20881, at *3 (E.D.Va. Sept. 17, 2002) (holding that "almost all of the discovery in issue is either unnecessary, inappropriate, or both" when "there is no significant dispute about the relevant facts" that "[d]efendant uses its technology to cause pop-up ads to appear on computer screens over and/or under pages from web sites owned by plaintiffs, without permission from plaintiffs"). Overstock requested discovery related to damages, including the total number of pop-ups, compensation paid, identity of vendors, the number of Internet users accessing pop-ups, the sales associated with the pop-ups, and the websites targeted. Overstock also sought discovery about when SmartBargains' pop-ups were delivered to a computer user on Overstock's webpage, and various types and examples of pop-ups. However, for purposes of summary judgment, SmartBargains admitted that pop-ups bearing the SmartBargains logo and sponsored by SmartBargains appeared over the Overstock website.

¶ 27 In its rule 56(f) motion, Overstock failed to identify any discovery in SmartBargains' possession that would have provided a material factual dispute to preclude summary judgment. The district court did not abuse its discretion in denying Overstock's rule 56(f) motion.

## CONCLUSION

¶ 28 Overstock failed to identify any material facts that demonstrate unfair competition or tortious interference with prospective economic relations. Overstock also failed to identify any discovery that it could receive from SmartBargains to allow Overstock to identify a material fact in dispute. We therefore affirm.

¶ 29 Justice WILKINS, Justice PARRISH, Justice NEHRING, and District Court Judge MORRIS concur in Chief Justice DURHAM'S opinion.

¶ 30 Associate Chief Justice DURRANT did not participate herein. District Court Judge JOHN R. MORRIS sat.