2011 UT App 87

**Donald Allen BARNHART, Petitioner,**

v.

**LABOR COMMISSION and Orson H. Gygi Co., Respondents.**

**No. 20110071–CA.**

Court of Appeals of Utah.

March 24, 2011.

Donald Allen Barnhart, Salt Lake City, Petitioner Pro Se.

James W. Stewart, Salt Lake City, for Respondent Orson H. Gygi Co.

Before Judges DAVIS, VOROS, and ROTH.

DECISION

PER CURIAM:

¶ 1 Donald Allen Barnhart petitions for review of the Labor Commission's order affirming the dismissal of discrimination and retaliation charges against Orson H. Gygi Co. (Gygi). This is before the court on its

own motion for summary disposition based on the lack of a substantial question for review.

 ¶ 2 Barnhart asserts that the administrative law judge (the ALJ) erred in holding that fraud, perjury, and misrepresentation claims were not within the Labor Commission's jurisdiction. Barnhart, however, has waived that issue on review by this court. In his motion for review of the ALJ's decision by the Labor Commission, Barnhart took issue with several statements within the decision but he did not identify the jurisdictional issue regarding· his possible fraud related claims in that motion. Because he did not include that issue in his motion for review below, it is waived at this level. *See Esquivel v. Labor Comm'n*, 2000 UT 66, ¶ 34, 7 P.3d 777. The general rule is that objections not raised in the agency proceeding are "considered waived and will not be considered by a court on review." *Id.*

¶ 3 Barnhart also asserts that "nondenials" in affidavits presented by Gygi are sufficient to support his claims. He is mistaken regarding his burden to produce evidence sufficient to create a genuine issue of material fact. When a motion for summary judgment is supported by evidence as permitted by rule 56 of the Utah Rules of Civil Procedure, including affidavits setting out facts, "an adverse party may not rest upon the mere allegations or denials of the pleadings, but the response ... must set forth specific facts showing that there is a genuine issue for trial." Utah R. Civ. P. 56(e). "A party disputing a summary judgment motion has the burden of disputing the motion with material facts." *Overstock.com v. SmartBargains, Inc.*, 2008 UT 55, ¶ 16, 192 P.3d 858.

¶ 4 Barnhart has not met his burden in disputing Gygi's motion for summary judgment. Gygi's affidavits set forth affirmative facts supporting its position regarding Barnhart's work performance and the reason for his termination. The affidavits were not meant to, and were not obligated to, deny Barnhart's version of events.[1] Rather, Barnhart had the burden to respond to the evi-

dence in support of summary judgment with specific facts that would establish a genuine issue for hearing. *See id.* Barnhart failed to provide any substantive evidence to oppose summary judgment but merely relied on his own unsubstantiated allegations and conclusions. That is insufficient to controvert a motion for summary judgment. *See id.*

¶ 5 Affirmed.

---

1. Furthermore, Gygi's initial response to Barnhart's statement of claims specifically denied the factual allegations, so there is no blanket "nondenial" of Barnhart's claims.