IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| John Johnson, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20110284-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (April 12, 2012) |
| Payson City Corporation, | ) | |
| | ) | 2012 UT App 112 |
| Defendant and Appellee. | ) | |

-----

Fourth District, Provo Department, 080402550
The Honorable David N. Mortensen

Attorneys:     Aaron P. Dodd, Provo, for Appellant
               Jody K. Burnett and George A. Hunt, Salt Lake City, for Appellee

-----

Before Judges McHugh, Voros, and Davis.

VOROS, Associate Presiding Judge:

¶1     John Johnson sued Payson City Corporation for $59,214, money he claimed as reimbursement for the cost of installing utility infrastructure—manholes, sewer, and pressure irrigation—on three building lots. Payson City moved for summary judgment on the ground that Ray Hiatt and Noel Hiatt, and not Johnson, had installed the

infrastructure. The trial court entered summary judgment in favor of Payson City and Johnson appeals. We affirm.[1]

¶2 Summary judgment is appropriate where the case presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Utah R. Civ. P. 56(c). "An appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations and internal quotation marks omitted).

¶3 Where, as here, the nonmoving party will bear the burden of proof at trial, the movant "may satisfy its burden on summary judgment by showing, by reference to 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' that there is no genuine issue of material fact." *Id.* ¶ 18 (quoting Utah R. Civ. P. 56(c)). Upon such a showing, "the burden then shifts to the nonmoving party, who 'may not rest upon the mere allegations or denials of the pleadings,' but 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (emphasis omitted) (quoting Utah R. Civ. P. 56(e)). However, "[t]he object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). Rather, "'specific facts are required to show whether there is a genuine issue for trial. The allegations of a pleading or factual conclusions of an affidavit are insufficient to raise a genuine issue of fact.'" *Overstock.com, Inc. v. SmartBargains, Inc.*, 2008 UT 55, ¶ 12, 192 P.3d 858 (quoting *Reagan Outdoor Adver., Inc. v. Lundgren*, 692 P.2d 776, 779 (Utah 1984)).

¶4 Johnson and Payson City entered into a reimbursement agreement providing that the City would reimburse Johnson up to $59,214 in consideration for his installation of specified utility infrastructure. The recitals of the agreement state that "the entire cost of that installation will be borne by developer," and the terms of the agreement twice specify that the reimbursement is for infrastructure "paid for by developer." Johnson acknowledges that he did not install the infrastructure and that Ray Hiatt and

---

[1]We have determined that "the decisional process would not be significantly aided by oral argument." Utah R. App. P. 29(a)(3).

Noel Hiatt did. But he claims that he in effect paid them for the work by selling the subject property to Ray Hiatt at a discount. Accordingly, the alleged discounted sale is the centerpiece of Johnson's claim. Yet the record and the briefs only vaguely allude to this crucial sale.

¶5    On appeal Johnson asserts that "the record shows that [he] paid for the infrastructure and the costs for installing the infrastructure when the Property was sold." Johnson's claim that he paid Ray Hiatt by discounting the sale price of the property rests on the following averment in Johnson's affidavit: "Once Lana [Johnson] and I sold the property to Carrie Woods, Ray Hiatt's costs and expenses were included in the amount of the final sale."[2]

¶6    Johnson appears to be referring to two transactions—one from Lana Johnson to Carrie Woods, and a "final sale," presumably from Carrie Woods to Ray Hiatt. However, Johnson reveals few specifics of the sale to Woods, and no specifics of the "final sale," including the date, the seller, the buyer, the sale price, the amount of the purported discount, or any documentation. The record shows that Lana Johnson conveyed her interest in the property to Carrie Woods in 1997, and Rex and Donna Waldron conveyed their interest to Ray Hiatt. Noel Hiatt did vaguely state in his deposition that Carrie and Fred Woods "gave it all to Ray Hiatt in 2000," but again, this conclusion is unsupported by any specifics. Even assuming for purposes of summary judgment that the Johnsons sold their interest at a discount to Woods, Johnson cites nothing in the record showing how that discount made its way into Ray Hiatt's pocket. Accordingly, even viewed in the light most favorable to Johnson, the record facts fall short of describing any transfer of value from Johnson to Ray Hiatt. Without proof that Johnson somehow compensated Ray Hiatt for the infrastructure work that the Hiatts performed, Johnson cannot show that he is entitled to reimbursement from Payson City

---

[2]Lana Johnson is Johnson's ex-wife. The property was titled in her name. However, Johnson claims to have held a beneficial interest in the property. Because we resolve the appeal on other grounds, we need not address Payson City's counterargument that Johnson held no interest in the property and thus could not have paid Ray Hiatt through the sale.

under the reimbursement agreement.[3]  We thus conclude that Johnson has not "set forth specific facts showing that there is a genuine issue for trial."  Utah R. Civ. P. 56(e).

¶7  Affirmed.

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

-----

¶8  WE CONCUR:

_____
Carolyn B. McHugh,
Presiding Judge

_____
James Z. Davis, Judge

---

[3]Nor can Johnson show that he is entitled to reimbursement under Payson City Ordinance 07-05-95, which states that the cost "shall be borne by the applicant" and calculates the reimbursement based in part on "the applicant's share of the actual cost" of the infrastructure.  *See* Payson City, Ut., Ordinance 07-05-95 (July 5, 1995).