2005 UT App 40

**Mark COOK and Nanalee Cook, Plaintiffs and Appellants,**

v.

**CITY OF MORONI, Defendant and Appellee.**

**No. 20030383–CA.**

Court of Appeals of Utah.

Feb. 3, 2005.

Carvel R. Shaffer and David J. Shaffer, Bountiful, for Appellants.

David L. Church and Hala L. Afu, Blaisdell & Church PC, Salt Lake City, for Appellee.

Mark L. Shurtleff, Atty. Gen., and Brent A. Burnett, Asst. Atty. Gen., Salt Lake City, for Amicus Curiae State of Utah.

Before Judges GREENWOOD, ORME, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Mark and Nanalee Cook appeal the trial court's dismissal of their negligence claim against the City of Moroni (the City) pursuant to the Utah Governmental Immunity Act (the Act). *See* Utah Code Ann. §§ 63–30–1 to –38 (1997).[1]

## BACKGROUND

¶ 2 The Cooks live and own real property in Moroni, Utah. The Cooks' property is located on the south side of Main Street, at the bottom of a slope. There were, at one time, eighteen-inch drainage pipes on both sides of Main Street to control runoff waters. The eighteen-inch pipes were always able to handle the runoff and prevented any runoff water from entering onto and damaging the Cooks' property.

¶ 3 Prior to August 2001, the City replaced the drainage pipe on the south side of Main Street with a much smaller four-inch pipe. In August 2001, a heavy rainstorm overwhelmed the four-inch pipe and caused it to back up and overflow. The resulting flood waters damaged the Cooks' property, causing structural movement and mold. The Cooks sued the City for negligence, claiming that the flood damage was caused by the City's installation of an undersized drainage pipe near the Cooks' property.

¶ 4 On the City's motion, the trial court dismissed the Cooks' complaint pursuant to the Act. The trial court found that the City's operation of its flood and storm system was a governmental function entitled to immunity, that storm systems were an exception to the Act's waiver of immunity for acts of negligence, and that the open courts analysis of *Laney v. Fairview City,* 2002 UT 79, 57 P.3d 1007, did not apply to the Cooks' claim.

## ISSUE AND STANDARD OF REVIEW

¶ 5 The Cooks challenge the dismissal of their claim. The grant of a motion to dismiss presents a matter of law, which this court reviews for correctness. *See Thimmes v. Utah State Univ.,* 2001 UT App 93, ¶ 4, 22 P.3d 257. "[F]or purposes of evaluating a

---

1. The Utah Governmental Immunity Act has since been repealed and reenacted as Utah Code sections 63–30d–101 to –904, applying to injuries occurring on or after July 1, 2004. *See* Utah Code Ann. §§ 63–30d–101 to –904 (Supp.2004). The injury alleged in this matter occurred in 2001; thus, we cite exclusively to the 1997 provisions. *See id.* §§ 63–30–1 to –38 (1997).

motion to dismiss, the facts alleged in the complaint are to be considered as true, with any inferences drawn in favor of the plaintiffs' claims." *Haymond v. Bonneville Billing & Collections, Inc.*, 2004 UT 27, ¶ 5, 89 P.3d 171.

## ANALYSIS

¶ 6 We use a three-part analysis to determine whether a governmental entity is entitled to immunity under the Act:

"(1) Was the activity undertaken by the entity a governmental function and therefore immunized from suit under the general grant of immunity contained in Utah Code [section] 63–30–3? (2) If the activity undertaken was a governmental function, has another section of the Act waived that blanket immunity? (3) If immunity has been waived, does the Act contain an exception to that waiver resulting in a retention of immunity against the claim asserted?"

*Sandberg v. Lehman, Jensen & Donahue, L.C.*, 2003 UT App 272, ¶ 9, 76 P.3d 699 (quoting *Keegan v. State*, 896 P.2d 618, 619–20 (Utah 1995)). The Cooks' claim satisfies each prong of this analysis and is accordingly barred by the Act.

¶ 7 The Cooks complain that they were harmed after the City replaced an eighteen-inch drainage pipe near their property with a smaller four-inch pipe, resulting in flooding of their property. The actions complained of are expressly immunized from suit under Utah Code section 63–30–3, which states:

The management of flood waters and other natural disasters and the construction, repair, and operation of flood and storm systems by governmental entities are considered to be governmental functions, and governmental entities and their officers

and employees are immune from suit for any injury or damage resulting from those activities.

Utah Code Ann. § 63–30–3(3) (1997). The Cooks characterize the City's actions as negligence on the part of its employees, which is generally subject to an immunity waiver under Utah Code section 63–30–10. However, section 63–30–10 contains exceptions to this general waiver of immunity for "the management of flood waters, earthquakes, or natural disasters" and "the construction, repair, or operation of flood or storm systems." *Id.* § 63–30–10(13)–(14).

¶ 8 The Cooks attempt to avoid the Act's immunity provisions by characterizing the City's replacement of a particular pipe as an isolated act falling outside the "construction, repair, or operation of flood or storm systems." *Id.* We cannot agree with the Cooks' interpretation. The City's actions must necessarily be defined as either the construction of a new flood or storm system, or the repair of an existing one, or both. Any other interpretation would allow the exception to swallow the rule.

¶ 9 The Cooks also argue that the dismissal of their claim on immunity grounds violates the Open Courts Clause of the Utah Constitution [2] pursuant to *Laney v. Fairview City*, 2002 UT 79, 57 P.3d 1007.[3] In *Laney*, the supreme court determined that the Act's 1987 amendment could not abrogate an existing cause of action for municipal negligence in operating a power system. *See id.* at ¶¶ 50–71. The 1987 amendment purported to recharacterize the municipal operation of a power system from a proprietary function, for which there was no immunity, to a governmental function that was immune from suit. *See id.* at ¶ 53.

---

**2.** All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; and no person shall be barred from prosecuting or defending before any tribunal in this State, by himself or counsel, any civil cause to which he is a party.

Utah Const. art. I, § 11.

**3.** Amicus Curiae State of Utah argues that *Laney v. Fairview City*, 2002 UT 79, 57 P.3d 1007, was a plurality decision in part, and urges us to analyze the Cooks' open courts challenge under *Parks v. Utah Transit Authority*, 2002 UT 55, 53 P.3d 473. Because the Cooks have demonstrated no entitlement to relief even under their *Laney* argument, we decline to address the State's concerns at this time.

¶ 10 Unlike the generation and sale of power in *Laney*, the flood and storm control functions complained of by the Cooks were deemed governmental in nature prior to the Act's 1987 amendment. *See Rocky Mountain Thrift v. Salt Lake City Corp.*, 784 P.2d 459, 462 (Utah 1989) (holding that the construction, operation, and maintenance of a city-wide storm drainage system is a governmental function that was entitled to immunity prior to the 1987 amendment addressed in *Laney* ); *see also Standiford v. Salt Lake City Corp.*, 605 P.2d 1230, 1236–37 (Utah 1980) ("[T]he test for determining governmental immunity is whether the activity under consideration is of such a unique nature that it can only be performed by a governmental agency or that it is essential to the core of governmental activity."). The Cooks identify no authority suggesting that Utah courts have ever allowed an action of this type to proceed in the face of governmental immunity. Absent such a preexisting cause of action, there is no abrogation of an existing right sufficient to invoke the reasoning and result of *Laney* and this court remains bound by the supreme court's express determination that the operation of storm systems is a governmental function entitled to immunity under the Act. *See Rocky Mountain Thrift*, 784 P.2d at 462. Accordingly, we find no merit in the Cooks' open courts argument.

CONCLUSION

¶ 11 The trial court properly determined that the Cooks' claim is barred by the Act. Accordingly, we affirm the dismissal of the Cooks' complaint.

¶ 12 WE CONCUR: Pamela T. Greenwood and Gregory K. Orme, Judges.