IN THE UTAH COURT OF APPEALS

----ooOoo----

<table>
<tr><td>Phillip Cloud; Debra Cloud; Shawn Cloud; Cloud Enterprises, Inc.; Cloud Moving Co., Inc.; and Cloud Family Properties, LLC,<br><br>      Plaintiffs and Appellees,<br><br>v.<br><br>Washington City, Craig Maynes, Mike Shaw, and Dwayne Isom,<br><br>      Defendants and Appellants.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>OPINION<br><br>Case No. 20110175-CA<br><br>F I L E D<br>(December 13, 2012)<br><br>2012 UT App 348</td></tr>
</table>

-----

Fifth District, St. George Department, 030501521
The Honorable James L. Shumate

Attorneys:    Bryan J. Pattison and Jeffrey N. Starkey, St. George, and Thomas J. Burns, Salt Lake City, for Appellants
               Justin D. Heideman and Bradley J. Weber, Provo, for Appellees

-----

Before Judges Orme, Roth, and Christiansen.

ORME, Judge:

¶1    This matter is before the court on interlocutory appeal from the district court's grant of a rule 56(f) motion filed by members of the Cloud family and their companies (collectively, the Clouds) and the district court's denial of a motion for summary judgment filed by Washington City and three of its employees (collectively, Washington City or the City). We reverse and remand.

BACKGROUND

¶2    In 2001, the Clouds constructed a large warehouse to be used as a storage facility in Washington, Utah, after obtaining a conditional use permit, and later a building permit, from Washington City. Building officials conducted various inspections throughout the course of construction but never expressly mentioned that an automatic sprinkler system would need to be installed for the building to comply with the fire code. The completed warehouse did not include an automatic sprinkler system.

¶3    In 2002, Washington City refused to issue a certificate of occupancy to the Clouds after the City's fire chief inspected the building and determined that it did not comply with the fire code. The City did, however, offer to provide a certificate of occupancy to the Clouds in exchange for a waiver of liability in the event of a fire and a commitment that the Clouds would eventually install a fire sprinkler system. The Clouds declined the offer. In April 2003, Washington City sent a letter to the Clouds reminding them that their building was still not in compliance.

¶4    The Clouds responded by filing this lawsuit in August 2003, alleging breach of contract and breach of the implied covenant of good faith and fair dealing. They sought an ex parte temporary restraining order to enjoin Washington City from taking any action to enforce the fire code against them. The district court issued an order restraining Washington City from enforcing the fire code against the Clouds. More than a month after filing suit against Washington City and obtaining the temporary restraining order, the Clouds filed a notice of claim with the City. The notice did not mention the City's refusal to issue a certificate of occupancy but instead outlined water pressure concerns shared by the Clouds and other named claimants. Although a copy of the notice went to the City, it was actually addressed to the Washington County Water Conservancy District.

¶5    A hearing was held in January 2004 regarding the Clouds' application to continue their restraining order as a preliminary injunction. The district court granted an injunction ordering Washington City to issue a certificate of occupancy to the Clouds. The court also suggested, sua sponte, that Washington City's conduct violated 42 U.S.C. § 1983 and, therefore, that the City was not protected by the Utah Governmental Immunity Act, Utah Code Ann. §§ 63-30-1 to -36 (LexisNexis 2003).[1] The

---

[1]The Utah Legislature repealed and recodified the Utah Governmental Immunity Act in 2004. *See* Utah Code Ann. §§ 63-30-1 to -36 (LexisNexis Supp. 2004). Because the

(continued...)

Clouds then amended their complaint to include causes of action under 42 U.S.C. § 1983, due process claims, a takings claim, a private attorney general claim, and claims for conversion, trespass to chattels, and interference with economic relations. The amended complaint also added three individual defendants and several new plaintiffs.

¶6 Following the assertion of the federal law claims, Washington City removed the case to federal court and moved for partial summary judgment as well as dissolution of the injunction. The federal district court granted the motion for partial summary judgment, dismissing all federal claims, and remanded the case, which once again concerned only state law claims, back to the state district court. Washington City then moved for summary judgment on the remaining claims. The district court—sua sponte and over Washington City's objections—decided to stay the proceedings and referred the Clouds to the Utah Fire Prevention Board for appeal of the fire chief's decision not to issue the Clouds a certificate of occupancy.

¶7 The Utah Fire Prevention Board (the Board) then conducted a hearing and issued a decision holding that the Clouds' warehouse did not comply with the fire code and that Washington City's decision to deny an occupancy permit was correct. The Board also granted the Clouds a temporary certificate of occupancy for a one-year period to allow them time to bring the building into compliance with the fire code. The Clouds challenged the Board's decision and filed a separate action for judicial review with the district court. That action was consolidated with this action in January 2009.

¶8 The parties unsuccessfully attempted to resolve the dispute through mediation, and in January 2010, Washington City once again moved for summary judgment. The Clouds responded with a motion pursuant to rule 56(f) of the Utah Rules of Civil Procedure, claiming that the matter could not properly be decided on summary judgment.[2] The district court granted the Clouds' rule 56(f) motion, denied Washington

---

[1](...continued)
alleged injury occurred prior to the former statute's repeal date, we apply the provisions of the former act. *See* Utah Code Ann. §§ 63-30-1 to -36 (LexisNexis 2003). *See also Cook v. Moroni*, 2005 UT App 40, ¶ 1 n.1, 107 P.3d 713 (applying an earlier version of the act after the statute's repeal and reenactment).

[2]Rule 56(f) governs continuances to secure affidavits or undertake discovery that is necessary to respond to a motion for summary judgment. *See* Utah R. Civ. P. 56(f) ("*When affidavits are unavailable.* Should it appear from the affidavits of a party opposing

(continued...)

City's summary judgment motion, and ordered trial to be set within sixty days. Washington City then petitioned for leave to take this interlocutory appeal. The petition was granted, and the proceedings in the district court were stayed.

ISSUES AND STANDARDS OF REVIEW

¶9    Washington City asserts that the district court incorrectly denied its request for summary judgment. Washington City first argues that the Utah Governmental Immunity Act requires pre-suit written notice in order for a claim against it to go forward, *see* Utah Code Ann. § 63-30-11(2) (LexisNexis Supp. 2003), and that the Clouds' notice was insufficient. Second, Washington City claims that the Utah Governmental

---

[2](...continued)
the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."). The Clouds' rule 56(f) motion had nothing to do with affidavits or discovery but claimed that the language of the rule stating that the court "may make such other order as is just" vested the district court with the authority to deny Washington City's motion for summary judgment. The Clouds argued that

> unresolved discrepancies inherent in the Fire Board's Ruling create an issue of material fact and jurisdiction, thereby precluding summary judgment. It is clear that the trial court must first complete its review of that determination so that the parties know precisely what the Fire Code's application is in this case. Further, the trial court was precluded from allowing Washington City's renewed summary judgment efforts to proceed forward without clarifying these issues because the underlying case could not procedurally be addressed until the [judicial] review was complete. Further, the [judicial] review must occur in order for the full impact of the City's decision to be resolved—both legally and factually—in order for the Court to appropriately review the arguments made on summary judgment.

The Clouds claimed that there were fifteen disputed issues of material fact that would be resolved in the course of the district court's review of the Fire Prevention Board's decision.

Immunity Act insulates governmental entities like Washington City from this sort of litigation. Third, Washington City contends that a building permit does not create a contractual relationship between the issuing municipality and a permittee. Lastly, Washington City argues that the district court incorrectly used rule 56(f) of the Utah Rules of Civil Procedure as a basis to deny the City's summary judgment motion and require the parties to proceed to a trial on the merits.

¶10 "An appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations and internal quotation marks omitted). A rule 56(f) motion is intended to identify discovery that would lead to a material factual dispute that would, therefore, preclude summary judgment. *See Overstock.com, Inc. v. SmartBargains, Inc.*, 2008 UT 55, ¶¶ 23–27, 192 P.3d 858. A district court's ruling on a rule 56(f) motion is reviewed under an abuse of discretion standard. *See Price Dev. Co. v. Orem City*, 2000 UT 26, ¶ 9, 995 P.2d 1237.

ANALYSIS

I. Washington City Was Entitled to Summary Judgment on the Clouds' Claims.

¶11 Aside from the Clouds' challenge to the decision of the Board, which is the subject of a separate proceeding—albeit one consolidated with this action for reasons of judicial economy—Washington City was entitled to summary judgment. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(c). Although facts are considered in the light most favorable to the nonmoving party, a disputed issue of fact must be material in order to defeat summary judgment. *Norton v. Blackham*, 669 P.2d 857, 859 (Utah 1983). *See also Reagan Outdoor Adver., Inc. v. Lundgren*, 692 P.2d 776, 779 (Utah 1984) ("A major purpose of summary judgment is to avoid unnecessary trial by allowing the parties to pierce the pleadings to determine whether there is a genuine issue to present to the fact finder. In accordance with this purpose, specific facts are required to show whether there is a genuine issue for trial. The allegations of a pleading or factual conclusions of an affidavit are insufficient to raise a genuine issue of fact.") (citation footnotes omitted).

### A. The Notice of Claim Filed by the Clouds Is Insufficient To Confer Jurisdiction Under the Utah Governmental Immunity Act.

¶12   Filing a notice of claim is a jurisdictional prerequisite when asserting a noncontractual claim against a governmental entity. *See Heideman v. Washington City*, 2007 UT App 11, ¶¶ 12–14, 155 P.3d 900. The Utah Governmental Immunity Act provides that "[a]ny person having a claim for injury against a governmental entity, or against its employee . . . shall file a written notice of claim with the entity before maintaining an action[.]" Utah Code Ann. § 63-30-11(2) (LexisNexis Supp. 2003). The notice of claim must include "(i) a brief statement of the facts; (ii) the nature of the claim asserted; and (iii) the damages incurred by the claimant so far as they are known." *Id.* § 63-30-11(3)(a). A challenge to the sufficiency of the notice under the act may be raised at any time, and because it is jurisdictional, the notice requirement cannot be waived. *See Greene v. Utah Transit Auth.*, 2001 UT 109, ¶ 15, 37 P.3d 1156 ("Actual notice of a claim by a governmental entity does not excuse a claimant's strict compliance with the requirements of the Immunity Act."); *Nielson v. Gurley*, 888 P.2d 130, 134 (Utah Ct. App. 1994) ("[B]ecause improper notice divests the court of subject matter jurisdiction, failure to provide proper notice of claim is a non-waivable defense that any party, or the court, can raise at any time.").

¶13   The Clouds filed a notice with the City *after* this action was commenced, and it set forth facts relating only to a concern about water pressure. That notice states:

> Washington City hired Sunrise Engineering to engineer water lines to surrounding community and commercial developments. Business owners in the Rio Virgin industrial park area have discovered that their water PSI levels fluctuate dramatically at various times. This fluctuation has significantly interfered with the business owners' operations. Furthermore, the business owners fear that there is insufficient water pressure should a fire erupt. Finally, it is believed that Washington City has the ability to control the pressure by use of valves or other means and that Washington City failed to install the correct size of pipe or valves in the system as designated in the original plans submitted by Sunrise Engineering.

The notice named the Washington County Water Conservancy District as a potential defendant and listed various other claimants in addition to the Clouds. The district had

no involvement with the inspection of the Clouds' building or the denial of their certificate of occupancy. And the notice as filed bears no relation to the Clouds' claims concerning the City's nonissuance of a permit for the Clouds' warehouse.

¶14    While the Clouds referred to "other causes of action" in the notice, this vague statement does not provide a safe harbor for failing to comply with the explicit requirements of the notice statute. "[T]here is no ambiguity in the nature of claim requirement: 'There must be enough specificity in the notice to inform as to the nature of the claim so that the defendant can appraise its potential liability.'" *Heideman*, 2007 UT App 11, ¶ 14 (quoting *Yearsley v. Jensen*, 798 P.2d 1127, 1129 (Utah 1990)). When this court considered a similar argument in *Heideman*, we determined that because the notice of claim did not mention the particular claim asserted before the trial court and raised on appeal, "the trial court was correct in concluding that it lacked jurisdiction to consider it." *Id*. In this situation, as in *Heideman*, the notice of claim offered no indication of the claims asserted in this lawsuit. Accordingly, the noncontract claims are jurisdictionally barred.

### B. Washington City's Issuance of a Building Permit Does Not Create Contractual Obligations.

¶15    The Clouds have also asserted claims against Washington City for breach of contract and breach of the contractual duty of good faith and fair dealing. The Clouds claim that Washington City's issuance of a building permit formed a contract that the City breached by requiring that the Clouds bring their building into compliance with the fire code. It is settled law, however, that municipal zoning and building permits do not create contractual obligations. "The application for [the] issuance of a building permit does not constitute a voluntary agreement between the parties to enter into [a] binding contract." *Heideman*, 2007 UT App 11, ¶ 25 (citation and internal quotation marks omitted). To hold otherwise would "offend[] public policy." *Id.* ¶ 27. "[I]f the issuance of a permit . . . were to create a binding obligation . . . the City's ability to protect the health, safety, and welfare of the public would be seriously hampered." *Id.* (second omission in original) (citation and internal quotation marks omitted). Therefore, the issuance of a building permit to the Clouds did not form a binding contract between Washington City and the Clouds, and the Clouds' contract claims necessarily fail. *See Buckner v. Kennard*, 2004 UT 78, ¶ 31, 99 P.3d 842 ("Any claim for breach of contract must be predicated on the existence of an express or implied contract[.]"). *See also Heideman*, 2007 UT App 11, ¶ 27 n.15 (stating that a claim premised on the implied

covenant of good faith and fair dealing necessarily fails when there is no underlying contract between the parties).[3]

### C. The Clouds' Private Attorney General Claim Fails.

¶16    The Clouds have also asserted a claim for attorney fees under the private attorney general doctrine.[4] Under this doctrine, a plaintiff can petition to recover attorney fees "as a 'private attorney general' when the 'vindication of a strong or societally important public policy' takes place and the necessary costs in doing so 'transcend the individual plaintiff's pecuniary interest to an extent requiring subsidization.'" *Stewart v. Utah Pub. Serv. Comm'n*, 885 P.2d 759, 783 (Utah 1994) (quoting *Serrano v. Priest*, 569 P.2d 1303, 1314 (Cal. 1977)). A claim for fees under this doctrine requires, as a threshold matter, that the plaintiff prevail on the merits of the underlying claim. *See Shipman v. Evans*, 2004 UT 44, ¶¶ 26–27, 100 P.3d 1151. Because we conclude that the Clouds' contract and tort claims do not survive summary judgment, their private attorney general claim necessarily fails.

### II. The District Court Incorrectly Applied Rule 56(f) To Deny Washington City's Motion for Summary Judgment.

¶17    The Clouds filed a rule 56(f) motion in response to Washington City's motion for summary judgment. Rule 56(f) is intended to allow a party opposing a motion for summary judgment "to file an affidavit stating reasons why the party is presently unable to submit evidentiary affidavits in opposition to the moving party's supporting affidavits." *Crossland Sav. v. Hatch*, 877 P.2d 1241, 1243 (Utah 1994). *See* Utah R. Civ. P.

---

[3]Because we determine that the Clouds' claims do not survive on other grounds, we need not address Washington City's argument that the Utah Governmental Immunity Act insulates the City from the causes of action alleged by the Clouds in any event. *See State v. Carter*, 776 P.2d 886, 888 (Utah 1989) ("[An appellate court] need not analyze and address in writing each and every argument, issue, or claim raised and properly before [the court] on appeal. Rather, it is a maxim of appellate review that the nature and extent of an opinion rendered by an appellate court is largely discretionary with that court.").

[4]The private attorney general doctrine was legislatively abolished in Utah subsequent to the time that this litigation began. *See* Utah Code Ann. § 78B-5-825.5 (LexisNexis Supp. 2012) ("A court may not award attorney fees under the private attorney general doctrine in any action filed after May 12, 2009.").

56(f) ("Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.").

¶18    While district courts should "liberally grant" rule 56(f) motions "to provide an adequate opportunity for discovery," "the trial court need not grant rule 56(f) motions that are dilatory or lacking in merit" and should "focus[] on the individual circumstances of each case." *Crossland Sav.*, 877 P.2d at 1243. "[A] court should not grant a Rule 56(f) motion to protect a party . . . from the merits of the motion for summary judgment." *Jones v. Bountiful City Corp.*, 834 P.2d 556, 561 (Utah Ct. App. 1992). In short, a rule 56(f) motion is intended to be used as a means to postpone ruling on a motion for summary judgment in instances where additional factual information is needed. *See supra* note 2.

¶19    This litigation had been going on for seven years by the time the Clouds filed their rule 56(f) motion. Their rule 56(f) motion did not identify any facts that they hoped to uncover through additional discovery in order to defeat the City's summary judgment motion. The district court improperly used the Clouds' rule 56(f) motion as a means to deny Washington City's motion for summary judgment rather than to defer ruling on it pending the completion of specific discovery.

¶20    While the Clouds assert that there are fifteen allegations of fact that will be "directly affected" by the district court's review of the Board's decision, for the reasons discussed above, none of the Clouds' substantive claims survive Washington City's motion for summary judgment. Nothing likely to turn up in factual discovery this late in the game, or that can properly be decided in the course of judicial review of the Board's decision, will alter the legal reality that the notice of claim was insufficient to confer jurisdiction on the court concerning any noncontract claim. And nothing found in discovery or in the course of judicial review will change the conclusion that no contract existed between the parties. The Clouds did not claim otherwise in their rule 56(f) motion.

¶21    While the district court appears to have believed that the administrative review proceeding should have been resolved first, rule 56(f) was not the appropriate vehicle for implementing such a decision. Summary judgment in favor of Washington City on the Clouds' tort and contract claims, to which Washington City has demonstrated its entitlement, does not hinder the district court's ability to judicially review the Board's

administrative determination. And win, lose, or draw in that proceeding, the Clouds have no tort or contract claims that can be pursued against Washington City.

CONCLUSION

¶22    Aside from the problem with its timing, the notice of claim filed by the Clouds was not sufficient to put Washington City on notice of the causes of action asserted in this lawsuit. The issuance of a building permit does not create a contractual obligation between the issuing municipality and a requesting party. Therefore, the causes of action asserted by the Clouds fail.

¶23    We reverse the denial of Washington City's motion for summary judgment and remand with instructions to enter judgment in favor of Washington City on the Clouds' surviving claims. The district court may proceed to review the Fire Prevention Board's decision, as raised by the Clouds in their separate petition for judicial review.

_____
Gregory K. Orme, Judge

-----

¶24    WE CONCUR:

_____
Stephen L. Roth, Judge

_____
Michele M. Christiansen, Judge